[No. 11307. Department One. August 15, 1914]

THE STATE OF WASHINGTON, *on the Relation of Great Northern Railway Company, Appellant*, v. PUBLIC SERVICE COMMISSION, *Respondent*.[1]

RAILROADS—REGULATION—TRAIN SERVICE—ORDERS OF PUBLIC SERVICE COMMISSION—REVIEW. The reasonableness and lawfulness of an order of the public service commission respecting train service to be rendered a town is reviewable under Rem. & Bal. Code, § 8629, and the presumption that the commission acted reasonably and lawfully must be clearly overthrown before the order will be set aside.

SAME—INTERSTATE TRAINS—LOCAL SERVICE. Although a railroad company operates only interstate trains, it may be required by the public service commission to render an adequate local service for the accommodation of the traveling public.

SAME—ADEQUACY OF TRAIN SERVICE—EVIDENCE—SUFFICIENCY. A finding by the public service commission that train service furnished the town of K. was inadequate, and that a change of schedule would be to the advantage of the inhabitants thereof, is warranted by the evidence, where it was shown that there was a population of 1,500 people within a radius of nine miles, who, for the most part, transacted their business at K., that there were four jury terms of court

[1]Reported in 142 Pac. 684.

at the county seat thirty miles west of K., and that the service ordered would best serve the convenience of those attending court, and would enable them to travel west to the county seat, or east to Spokane to transact business, and return the same day, that the passenger revenue at K. for the preceding year was $4,311.65, and the revenue from freight over five times that amount; and the fact that compliance with the order might require an extra man, and that the train would be delayed from six to nine minutes, is not controlling upon the question of the adequacy of service.

Appeal from a judgment of the superior court for Thurston county, Yakey, J., entered December 20, 1912, affirming on appeal an order of the public service commission. Affirmed.

*F. V. Brown* and *F. G. Dorety*, for appellant.

*The Attorney General* and *Stephen V. Carey, Assistant*, for respondent.

Gose, J.—This is an appeal from a judgment affirming an order of the public service commission, requiring the appellant, Great Northern Railway Company, to change its train schedule at the town of Krupp, in Grant county.

Krupp has a population of from two hundred and fifty to three hundred people. It is situate about thirty miles easterly of Ephrata, the county seat of Grant county. The appellant's line of road passes through both towns. At the time of the hearing before the commission, the following trains stopped at Krupp to receive and discharge passengers: "Eastbound, No. 44, 8:35 a. m.; eastbound, No. 4, 6:37 p. m.; westbound, No. 43, 11:40 a. m." The commission found that the stopping of westbound train No. 43 at Krupp might be discontinued, and that westbound train No. 3, arriving at Krupp at 10:43 p. m., should be stopped daily at that point. The commission found that this change in schedule would, for various reasons, furnish the people of Krupp and vicinity with better traveling accommodations.

The "reasonableness and lawfulness" of the order may be reviewed by the courts. Rem. & Bal. Code, § 8629. The presumption is that the commission has acted reasonably and lawfully. "It must clearly appear to the contrary before its orders can be set aside." *State ex rel. Great Northern R. Co. v. Railroad Commission*, 60 Wash. 218, 110 Pac. 1075.

The appellant runs no local train. Its trains are all interstate trains. These trains may be required to render an adequate local service for the accommodation of the traveling public. *Herndon v. Chicago, R. I. & P. R. Co.*, 218 U. S. 135; *Mississippi Railroad Commission v. Illinois Cent. R. Co.*, 203 U. S. 335.

The question presented is one of fact. The testimony shows that the stopping of westbound train No. 3 at Krupp, in lieu of westbound train No. 43, will be to the advantage of the inhabitants of that town and vicinity. There is a population of approximately 1,500 people within a radius of nine miles from Krupp. These people, for the most part, do their business at Krupp. There are three to four jury terms of court held at Ephrata each year. The testimony shows that train No. 3 will best serve the convenience of jurors, witnesses, and litigants who attend court from Krupp and vicinity. It will also enable the people to go west to Ephrata or east to Spokane, transact their ordinary business, and return the same day. The passenger revenue at Krupp for the year preceding the filing of the complaint was $4,311.65. The revenue derived from freight for the eleven months preceding the same date was $22,512.08.

On the other side of the question, the appellant showed that a compliance with the order *may* require an extra man, and that the train will be delayed from six to nine minutes. While these elements are to be considered, they are not controlling. "Because, as the primal duty of a carrier is to furnish adequate facilities to the public, that duty may well be compelled, although by doing so as an incident some pecuniary loss from rendering such service may result." *Atlantic Coast Line R.*

*Co. v. North Carolina Corporation Commission*, 206 U. S. 1. This principle was reaffirmed, in *Missouri Pac. R. Co. v. Kansas ex rel. Railroad Com'rs*, 216 U. S. 262.

It is also suggested in the testimony that there are other small towns between Krupp and Spokane at which westbound train No. 3 does not stop, which merit the same accommodations as Krupp. The adequacy of the service now rendered at these points is not before us, nor are there sufficient data in the record to justify a consideration of such questions. As was suggested in *State ex rel. Great Northern R. Co. v. Railroad Commission, supra*, it will be time enough to consider the adequacy of the service at these stations, and the relation of the question to other stations and to the company, when the questions are presented. The evidence warranted the commission in concluding that the westbound service at Krupp was inadequate. While it would also have justified an opposite finding, we cannot say that the finding is unreasonable.

The judgment is therefore affirmed.

CROW, C. J., and ELLIS, J., concur.