[No. 17341.    Department Two.    April 3, 1923.]

THE STATE OF WASHINGTON, *on the Relation of B. & M. Auto Freight, Appellant,* v. THE DEPARTMENT OF PUBLIC WORKS *et al., Respondents.*[1]

CARRIERS (3-4)—REGULATION—ORDERS OF DEPARTMENT—APPEAL—REVIEW. The findings of the department of public works upon an application for a certificate of public necessity will not be disturbed unless they show arbitrariness and disregard of material rights.

SAME (3-2)—CERTIFICATE OF PUBLIC NECESSITY—HEARING ON APPLICATION—PARTIES ENTITLED TO PROTEST. A carrier by water of freight between S. & T. and intermediate points, depending on the patronage along the route for which an auto freight company sought a certificate of public necessity, is entitled to be heard against the granting of the same, since it would be adversely affected by the issuance of the certificate.

SAME (3-2)—PROCEEDINGS TO ESTABLISH—SUPERIOR RIGHT—EVIDENCE—SUFFICIENCY. Where neither of two applicants for a certificate of public necessity for the operation of an auto freight had been maintaining a regular service, neither is entitled to a certifi-

[1]Reported in 214 Pac. 164.

cate as a matter of right, and the fact that one was a few days prior in time in making the application is immaterial.

SAME (3-4)—CERTIFICATES OF PUBLIC NECESSITY—ORDER OF DEPARTMENT—APPEAL—REVIEW. The denial of a certificate of public necessity for a freight auto line to the B. Company, and granting a certificate to another, is sustained, where otherwise a boat service between the same points would probably have been eliminated and ninety families served by the water transportation would have been deprived of transportation facilities.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered April 17, 1922, affirming an order of the department of public works granting a certificate of public convenience and necessity to a carrier of freight. Affirmed.

*Vance & Christensen,* for appellant.

*The Attorney General* and *Raymond W. Clifford, Assistant (Charles R. Lewis,* of counsel), for respondents.

MAIN, C. J.—This is an appeal from the judgment of the superior court affirming an order of the department of public works granting a certificate of public convenience and necessity to one of two rival applicants.

On the 29th day of October, 1921, the appellant, the B. & M. Auto Freight, made application to the department of public works for an extension of its freight service from Olympia to Shelton. On this date, and for some time prior thereto, that company was and had been operating under a certificate by which it was authorized to carry freight between Tacoma and Olympia. On November 1, 1921, W. A. Johnson and Edwin Wivell, under the firm name of Shelton-Olympia Transfer Company, made application for a certificate to operate freight carriers between Olympia and Shelton. The Shelton Transportation Company, which

operated a boat between Shelton and Tacoma, protested the application of the B. & M. company, but did not protest against a certificate being granted to the Shelton-Olympia Transfer Company. After a hearing, the department of public works denied the application of the B. & M. company and granted the certificate to the Shelton-Olympia Transfer Company. This order was by the B. & M. company taken before the superior court for review, and from an adverse judgment in that court, the B. & M. company has prosecuted this appeal.

The appellant assigns a number of errors, challenging the correctness of the findings of fact made by the department of public works. These will not be reviewed in detail. It is sufficient to say that, after a careful consideration of all the evidence, we are of the opinion that the findings of the department should be sustained. The findings of the department will not be disturbed unless they show evidence of arbitrariness and disregard of the material rights of the parties to the controversy. *Puget Sound Electric R. v. Railroad Commission,* 65 Wash. 75, 117 Pac. 739, Ann. Cas. 1913B 763; *State ex rel. Great Northern R. Co. v. Public Service Commission,* 76 Wash. 625, 137 Pac. 132. Under the rule of those cases, there is abundant evidence to support the findings of the department of public works.

Aside from its objection to the findings, the appellant makes two principal contentions: First, that the Shelton Transportation Company had no right to be heard by the department of public works in protest against the application of the B. & M. company; and second, that the application of the B. & M. company was entitled to preference over that of the Shelton-Olympia Transfer Company.

Taking up the question of the right of the Shelton Transportation Company to be heard, it appears from the evidence and the findings that that company was a public carrier by water of freight and passengers between the cities of Shelton and Tacoma and intermediate points, and that many of the intermediate points served had no other means of transportation than that provided by that company. About ninety farmers living in Mason county, some distance from Shelton, had no means of shipping their products to market and receiving supplies, other than by the boat. The Auto Freight operated between Shelton and Olympia would not accommodate them. The Shelton Transportation Company had for a number of years been operating at a loss and was subsidized to some extent by the merchants and other shippers of Shelton. If the B. & M. company were granted the right to haul through freight from Tacoma to Shelton, it would so reduce the business of the Shelton Transportation Company that it would in all probability have to cease operating its boat. It thus appears that the Shelton Transportation Company would be adversely affected by a certificate issued to the B. & M. company, and there can be no question that it had a right to be heard in protest of that application.

The other point made by the appellant is that it was entitled to preference over the Shelton-Olympia Transfer Company. Under the statute (§ 4, ch. 111, p. 341, Laws of 1920-21; Rem. Comp. Stat., § 6390), no auto transportation company has the right to operate for the transportation of persons or property between fixed termini or over a regular route without first having obtained from the department of public works a certificate declaring that "public convenience and necessity require such operation." There is a proviso to the effect that a certificate shall be granted when it

appears to the satisfaction of the department that the person, firm or corporation making the application had been actually operating in good faith over the route for which the certificate is sought on January 15, 1921. Prior to the time of the application of the B. & M. company, it had operated between fixed termini and over a regular route between Tacoma and Olympia, but it had not operated between the latter place and Shelton. The Shelton-Olympia Transfer Company had not maintained a regular service between Shelton and Olympia, but had hauled freight between those two towns under special contract from time to time. In addition to this, the road between these two places had been in such condition for some time that it would have been difficult to have maintained a regular service. It appears, therefore, that neither of the applicants was entitled to a certificate as a matter of right. This being true, the paramount consideration was that of public convenience and necessity. The fact that the B. & M. company was prior by a few days in point of time in making the application has no controlling effect. *In re Frank J. Sullivan* (Nevada Public Service Commission), P. U. R. 1922C, p. 731; *In re Chas. O. Morris* (Nevada Public Service Commission), P. U. R. 1922B, p. 459.

If the application had been granted to the B. & M. company, the effect probably would have been to eliminate the boat service and thereby deprive about ninety families of transportation facilities, since these could not be served by the Auto Freight. The granting of the certificate to the Shelton-Olympia Transfer Company to operate between Shelton and Olympia does not have the effect to destroy the boat service. Looking to the entire situation and to the interests of all of the public, who were entitled to be considered before a certificate of public convenience and necessity

was issued, the department of public works acted rea-
sonably and lawfully in directing the certificate to be
issued to the Shelton-Olympia Transfer Company.
Before the order entered by the department will be
disturbed, it must clearly appear that the department
did not act reasonably and lawfully. *State ex rel.
Great Northern R. Co. v. Public Service Commission,*
81 Wash. 275, 142 Pac. 684. The record in the case
now under consideration supports the reasonableness
and lawfulness of the order entered.

The judgment will be affirmed.

PARKER, MACKINTOSH, and TOLMAN, JJ., concur.