[No. 18270.   Department Two.   March 19, 1924.]

THE STATE OF WASHINGTON, *on the Relation of United Auto Transportation Company, Appellant,* v. DEPARTMENT OF PUBLIC WORKS *et al., Respondents.*[1]

CARRIERS (3-2)—REGULATION—CERTIFICATE OF PUBLIC NECESSITY— PREFERENCE RIGHTS. The prior grant of a certificate of public necessity to use the public highway under state control to Camp Lewis, in the Federal Military Reserve, does not give any preference right to a certificate for another station in the reserve off from such highway.

SAME (3-4)—ORDERS OF DEPARTMENT—APPEAL—REVIEW. Upon application for a certificate of public necessity, findings of the department of public works upon the facts will not be disturbed on appeal, unless they show arbitrariness and disregard of material rights.

SAME (3-2)—PROCEEDINGS TO ESTABLISH—SUPERIOR RIGHTS—PRIOR APPLICATION. Priority in the time of making application for a certificate of public necessity is not a controlling factor although it is proper to consider it.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered August 11, 1923, affirming an order of the department of public works granting a certificate of public convenience and necessity to a carrier. Affirmed.

*Hugo Metzler* and *Ellis, Fletcher & Evans,* for appellant.

*Homer T. Bone (Scott Z. Henderson,* of counsel), for respondent.

BRIDGES, J.—The question involved here is, which of two automobile transportation companies shall be permitted to serve the government reconstruction hospital in its connection with the city of Tacoma.

[1]Reported in 223 Pac. 1048.

Long prior to the institution of this proceeding, the department of public works had issued to the appellant a certificate of necessity authorizing it to carry passengers between Camp Lewis and the city of Tacoma and intermediate points, in Pierce county. For that purpose it was authorized to use the Pacific highway. At all times since then it has operated and does now operate under this authority. Also, long prior to the commencement of this proceeding, the respondent was given a like certificate of necessity for the carrying of passengers between the city of Tacoma and the town of Steilacoom and intermediate points, including the western Washington hospital for the insane, using the Steilacoom highway for that purpose. Recently each of these companies made application to the department of public works for a certificate of necessity in connection with the reconstruction hospital now under construction by the United States government. The certificate was granted to the respondent. Upon hearing in the superior court, the department's order was affirmed and an appeal has brought the matter here.

The Camp Lewis reservation contains some 70,000 acres of land. The reconstruction hospital is being erected within this reservation at a point about halfway between Camp Lewis on the south and the town of Steilacoom on the north. In order that either of the applicants may serve the new hospital, it must obtain permission to use certain of the road lying between the Pacific highway on the south and the Steilacoom highway on the north. It is unnecessary to here undertake to describe these roads. The department of public works found, among other things, that the respondent was the first to make application for a certificate of necessity in connection with the reconstruction hospital, and that everything else being equal it would on that account be entitled to a certificate; that it has

amply sufficient equipment to perform the additional service, and that if it were given a certificate it alone could serve the business going between the reconstruction hospital and the state hospital for the insane, which latter is on the Steilacoom highway; that it is in as good a position and condition to perform the services required as is the appellant; that the appellant also has ample equipment for the service. The department further found that, "notwithstanding the fact that it would be possible for the United Auto Transportation Company to render a service over this proposed route, it would render no service between the new hospital and the Steilacoom hospital, and we feel that it is not in as good a position to render satisfactory service to the people desiring transportation to and from the proposed new hospital as is the City Transportation Company, and owing to the further fact that it did not make the first application to render this service, its application should be denied, as there is no necessity of granting more than one certificate to serve this territory."

The appellant seems to contend that its original certificate of necessity allowing it to carry passengers from Tacoma to Camp Lewis should entitle it, at least by preference, to carry all persons to and from any and all points within the reservation area. But such was not the purpose of the certificate originally given to it. Camp Lewis is a definite location within the great reservation. The rights heretofore given to the appellant were to use the Pacific highway to carry passengers to and from Tacoma and Camp Lewis and intermediate points, and did not authorize or pretend to authorize any other or further service. Nor, in fact, would the department of public works have any power to authorize any transportation company to carry passengers within the reservation grounds because that is

territory owned and controlled by the United States. The department did have a right to authorize appellant to use the Pacific highway because it is under the state's control, although running through the reservation.

After all is said, only a question of fact is involved here. The testimony tends strongly to show that either of these companies is in position to, and if given permission would, satisfactorily handle the business between the new hospital and the city of Tacoma. So far as we can see, conditions are about as favorable to one as to the other. The legislature has expressly authorized the department of public works to grant these certificates of necessity and to determine and find the facts in connection therewith. It will not do for the courts to thrust themselves into the position of the department. We are not authorized to try *de novo* the facts in such cases as this. We have held that the findings of the department will not be disturbed unless they show evidence of arbitrariness and a disregard of the material rights of the parties to the controversy. *State ex rel. B. & M. Auto Freight v. Department of Public Works,* 124 Wash. 234, 214 Pac. 164, and cases there cited. There is nothing in this case to indicate that the department has acted arbitrarily or that it has not considered the matters involved in an effort to be fair to the contestants. The business of the department is to determine the facts, and it is our business to determine whether it has acted arbitrarily or in a manner not calculated to lead it to honest conclusions.

Complaint is made that the department finds and places some reliance on the fact that the respondent transportation company was the first to make application to serve the new hospital, claiming that it is immaterial who first made application so long as all were made before there was any actual service to be ren-

dered. That one makes application before another is not a controlling factor, but, everything else being equal, we know of no reason why that fact may not be taken into consideration by the department. It is plain, however, that if it was taken into consideration at all it was not considered as a controlling element.

If we should reverse the action of the department and hold that the certificate should have been issued to the appellant we would be usurping the very functions which the legislature has specifically entrusted to the department of public works.

The judgment is affirmed.

MAIN, C. J., FULLERTON, MITCHELL, and PEMBERTON, JJ., concur.