[No. 18707.   Department One.   November 21, 1924.]

## In the Matter of the Application of R. H. Stolting et al.

## R. H. Stolting et al., Appellants, v. E. V. Kuykendall, as Director of the Department of Public Works, Respondent.[1]

CARRIERS (3-4)—REGULATION—ORDERS OF DEPARTMENT—APPEAL—
REVIEW. Upon application for a certificate of public necessity, find-
ings of the department of public works upon the facts will not
be disturbed on appeal unless they show arbitrariness and dis-
regard of material rights.

Appeal from a judgment of the superior court for
Thurston county, Wilson, J., entered January 19, 1924,
affirming an order of the department of public works
granting a certificate of public convenience and ne-
cessity to a carrier. Affirmed.

*Paul W. Houser* and *Guie & Halverstadt*, for ap-
pellants.

*The Attorney General, H. C. Brodie, Assistant,* and
*R. E. Ostrander (Vance & Christensen, of* counsel),
for respondent.

PER CURIAM.—The appellants and one Brown made
application to the department of public works for a
certificate of necessity covering the public road from
North Bend to the North Bend Timber Company's
Camp No. 15, in this state. After a hearing at which all
parties were given ample opportunity to present testi-
mony, the department granted a certificate to Mr.
Brown.

[1]Reported in 230 Pac. 405.

Time and again we have held that we will not interfere with the action of the department of public works on matters of this nature unless its members have acted unfairly, arbitrarily or in disregard of the testimony. *State ex rel. Great Northern R. Co. v. Railroad Commission,* 60 Wash. 218, 110 Pac. 1075; *State ex rel. Great Northern R. Co. v. Public Service Commission,* 81 Wash. 275, 142 Pac. 684; *State ex rel. B. & M. Auto Freight v. Department of Public Works,* 124 Wash. 234, 214 Pac. 164; *Northern Pacific R. Co. v. Department of Public Works,* 125 Wash. 584, 218 Pac. 507; *State ex rel. United Auto Transportation Co. v. Department of Public Works,* 129 Wash. 5, 223 Pac. 1048. There is nothing in this case to indicate that the department did not fully consider the testimony and honestly exercise its judgment. Such being the case, there is nothing for us to do but affirm the judgment, which is done.