[No. 20524.  Department One.  June 27, 1927.]

THE STATE OF WASHINGTON, *on the Relation of H. E. Byram et al., Appellants,* v. DEPARTMENT OF PUBLIC WORKS, *Respondent.*[1]

[1] CARRIERS (3-4)—PROCEEDINGS—REVIEW.  Upon certiorari to review an order of the department of public works in granting a certificate of public convenience and necessity for a freight service, it is not objectionable for the department to include in its return to the supreme court, all letters and communications received by it in any way pertaining to the controversy, the proceeding being informal and it being presumed that only proper evidence was considered.

[2] SAME (4) — REGULATION — CERTIFICATE OF PUBLIC NECESSITY — AUTO TRANSPORTATION OF FARM PRODUCTS.  Rem. Comp. Stat., § 6387, providing that the auto transportation act shall not include motor vehicles operated exclusively in transporting farm produce, does not preclude the department from granting a certificate for freight transportation through farming communities where a large amount of the freight handled will be farm produce, which need not be excluded.

[3] SAME (3-4)—FINDINGS OF DEPARTMENT OF PUBLIC WORKS—REVIEW.  Findings of the department of public works in granting a certificate of public convenience and necessity for a stage route are invested with the presumption of verity and will not be disturbed if supported by substantial evidence.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered January 3, 1927, affirming an order of the department of public works

[1]Reported in 257 Pac. 634.

granting a certificate of convenience and necessity for auto freight service. Affirmed.

*F. M. Dudley, A. J. Laughon, W. A. Robbins,* and *T. H. McGuire,* for appellants.

*The Attorney General* and *H. C. Brodie, Assistant* (*Frank P. Christensen,* of counsel), for respondent.

FRENCH, J.—Since December, 1924, Don D. Irwin, under contract with the publisher of the Morning Oregonian, has delivered that paper to local points along the highway between Centralia and Hoquiam. He uses a Ford truck receiving the papers at Centralia, making terminal deliveries to Grays Harbor destinations at about 6:00 o'clock A. M. In connection with his newspaper service between these points, he has been delivering butter from the Centralia Creamery to logging camps along the route, has handled packages for farmers, his tonnage in that respect averaging about two hundred pounds per day. The route traverses a farming community of approximately one hundred fifty farms, passes through the intermediate cities and towns of Montesano, Elma, Porter, Oakville, Rochester and Grand Mound. The farm products raised along the route have a market in the municipalities.

The territory is served by three railroads, one of which practically parallels the highway over which Mr. Irwin operates. These railroad lines furnish daily freight and express service to the towns, cities and sidings with free delivery and express service twice each day in Hoquiam, Aberdeen, Montesano, Elma, Centralia and Chehalis. The farming communities have truck service for milk and cream, and an association provides truck service for use of its members in the collection and delivery of eggs and other farm produce. Some truck peddlers go through the farming

district, collect the produce and sell to the merchants in the cities. Also, the produce houses in Hoquiam and Aberdeen, from time to time, send their trucks into the farming communities and buy produce for the market. The various oil companies deliver their gas and oil products to the different stations along the route.

In April, 1925, Mr. Irwin filed his application with the department of public works for a certificate of convenience and necessity authorizing him to furnish freight service by motor vehicle between Hoquiam, Aberdeen, Chehalis, Centralia and intermediate points. Protests were filed, a hearing had, evidence introduced, and the application was denied. Again in February, 1926, another like application was made, which was denied without a hearing. In April, 1926, the department set aside its second order, a hearing was had, and in May, 1926, the application was granted. Thereafter the protesting railway companies and the American Railway Express Company applied to the superior court for a writ of review. The writ issued as prayed for, and the department filed in the superior court its return to the writ. There was embodied in the return over its certificate a transcript of the testimony introduced at the hearing, together with a quantity of letters, telegrams and unverified petitions that had been addressed to the department. Many of the telegrams and letters were dated subsequent to the hearing, and the signatures to typewritten petitions contained names of persons who were not called as witnesses. Thereafter the superior court by its judgment affirmed the findings and order of the department of public works, and this appeal follows.

[1] Appellants' first contention is that the return includes petitions, resolutions and letters which do not properly belong in the return.

We think it sufficient to say that, under the auto transportation act, the proceedings are informal. That the documents complained of, having been sent to the department and purporting to relate to this case, even though not considered by the department, were properly included in its return. Having certified to the superior court everything which had been received and which in any way pertained to the controversy, whether received in the form of sworn testimony or in the form of letters, telegrams and petitions, the department had fully performed its duty in so far as the return was concerned. The proceedings being informal as above stated, we know of no practical method whereby the department could refuse to receive such documents. We must assume that the commission considered only proper testimony, unless the contrary clearly appears from the record.

[2] On the merits of the controversy the only serious complaint made was that the evidence does not support the findings and conclusions of the department. The testimony given before the department tends to show that a large amount of the freight handled by the auto transportation company over the proposed route will be farm produce, and it is argued that, because the auto transportation act by its terms provides that:

"Auto Transportation Company as used in this act shall not include . . . motor propelled vehicles operated exclusively in transporting agricultural, horticultural or dairy or other farm produce from the point of production to the market," [Rem. Comp. Stat., § 6387.]

that these items should have been excluded, and that a certificate should not have issued, based in part upon the convenience that would necessarily be attendant upon the transportation of these commodities.

We cannot so construe the statute. There are undoubtedly many communities in this state producing

abundantly farm produce which cannot be profitably transported to markets unless the transportation company is also permitted to haul other freight on its return trip. We think that it was the intention of the legislature, in passing the act, to permit the commission to consider in its entirety the needs of the locality to be served and to include farm produce as well as all other kinds of freight in arriving at its decision.

[3] Appellants also complain that the evidence, taken as a whole, is not sufficient to justify the findings, and this court is asked to try the case *de novo*. In the case of *Pacific Coast Elevator Co. v. Department of Public Works*, 130 Wash. 620, 228 Pac. 1022, we said:

"The findings and conclusions of the commission as to the facts are invested with the presumption of verity and no court would undertake to disturb them in this case. Respect is accorded to the judgment of those in whom the people by their own plan have placed it."

See, also, *Northern Pacific R. Co. v. Department of Public Works, ante* p. 47, 256 Pac. 333.

We hold that this court will not substitute its judgment for the judgment of the commission. That every presumption will be given to the correctness of the findings of fact made by the commission, and, if there is substantial evidence on which the findings of the commission may be based, that those findings will not be disturbed. Measured by this rule, the judgment of the trial court was right.

Judgment affirmed.

MACKINTOSH, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.