[No. 21136.   Department One.   June 8, 1928.]

SPOKANE NORTHWEST AUTO FREIGHT *et al., Appellants,*
v. DEPARTMENT OF PUBLIC WORKS *et al.,*
*Respondents.*[1]

[1] CARRIERS (3-2) — REGULATION — CERTIFICATE OF CONVENIENCE —
PRIORITY.   Certificates of public convenience for auto freight
service, between the termini of two routes, may be granted to
different applicants, where all the intermediate points were
different on the two routes, which served different territories
twenty to twenty-five miles apart; and priority in making appli-
cation is not controlling.

[2] SAME (3-2).   Upon conflicting applications for an extension of
auto freight service, there is no preference right where neither
company had previously operated over the proposed extension.

Appeal from a judgment of the superior court for
Thurston county, Wright, J., entered October 20, 1927,
affirming an order of the department of public works
granting a certificate of public convenience and neces-
sity *to* a carrier of freight.   Affirmed.

*A. W. Dolphin, Ernest E. Sargeant,* and *T. T. Grant,*
for appellants.

*The Attorney General,* and *H. C. Brodie, Assistant,*
for respondent Department of Public Works.

*J. Ward Arney,* for respondent Inland Auto Freight.

MITCHELL, J. — The Spokane Northwest Auto
Freight, a corporation, for some time had been oper-
ating an auto freight line under a certificate of public
convenience and necessity between the city of Spokane,
Spokane county, and Hunters, in Stevens county, via
Davenport in Lincoln county, a distance of about
seventy-eight miles.   It applied to the department of
public works for an extension of its certificate from

¹Reported in 268 Pac. 138.

Hunters up the Columbia river forty-one miles to Kettle Falls in Stevens county. Ivan L. Johnson made application to the department for a certificate to furnish auto freight service between the city of Spokane and Kettle Falls via Colville, Stevens county, with a limitation prohibiting local service between Chewelah and the city of Spokane. He had been operating such a freight service over this route under so-called private contracts, and now sought a certificate under the auto transportation act. The Inland Auto Freight, a corporation, had been operating for some time an auto freight service between the city of Spokane and Chewelah, Stevens county, a distance of fifty-nine miles. It applied for an extension of its certificate from Chewelah by Colville to Kettle Falls, Stevens county, a distance of thirty-seven miles. The three applications were consolidated and heard together.

The Great Northern Railway Company has a branch line from the city of Spokane northerly, paralleling the highway, through Chewelah, Colville and Meyers Falls, thence north through territory not involved in this controversy. Kettle Falls is four miles off the railroad from Meyers Falls. The Inland Auto Freight from Meyers Falls to the city of Spokane is in competition with the Great Northern Railway Company. The Great Northern Railway Company entered a protest and appeared against the application of the Inland Auto Freight at the hearing for an extension of its service from Chewelah to Kettle Falls. Upon the hearing the department made its order in which it granted the application of the Spokane Northwest Auto Freight, denied the application of Ivan L. Johnson, and granted the application of the Inland Auto Freight.

The Spokane Northwest Auto Freight and the Great Northern Railway Company, being dissatisfied with that portion of the order granting an extension to the Inland Auto Freight, had it reviewed in the superior court of Thurston county, and have appealed from a judgment affirming the department's order.

[1] The first assignment is that the court erred in affirming the order, which it is claimed provides for two certificates of public convenience and necessity to operate in the same territory. The termini of the two routes are the same, Spokane and Kettle Falls. All intermediate points on one line are different from those on the other, but appellants' argument is that only the Spokane Northwest Auto Freight Company should serve Kettle Falls. Its line runs westerly from Spokane some thirty-five or forty miles to Davenport, thence north to Hunters, thence east of north up the Columbia river to Kettle Falls. The Inland Auto Freight line runs west of north from Spokane to and down the Colville valley to Kettle Falls. For the purpose of auto freight service the two territories are distinct and much of the way separated twenty to twenty-five miles by a range of high hills or mountains across which there is little communication. The fact that appellant auto freight company made its application for an extension of its certificate first is not of controlling importance. *State ex rel. B. & M. Auto Freight v. Department of Public Works,* 124 Wash. 234, 214 Pac. 164. Both applications were heard at the same time.

Upon comparison it appears that the route of the Inland Auto Freight is appreciably shorter and has better roads for the whole route, thus insuring quicker service, and also that its territory has a greater number of people in need of auto freight service. Primarily, these controversies should be determined with regard to the greatest good to the greatest number of

people, and in this case, upon the whole record, it cannot be held that the trial court should have found and determined there was evidence of arbitrariness on the part of the department affecting the rights of the appellants. Rem. Comp. Stat., § 6390 [P. C. § 234-6], cited by appellants is not applicable here. It covers cases where applications are made for certificates to operate in territories already served by certificate holders under the act.

[2] Another assignment is that the court erred in not deciding that the department acted unlawfully, arbitrarily and in disregard of material rights of the parties to the controversy. In addition to what we have already said upon that subject, contrary to appellants' contention, we may notice the case of *Yelton & McLaughlin v. Department of Public Works,* 136 Wash. 445, 240 Pac. 679, cited by counsel. That case is not in point. The gist of the decision in that case is a construction of the statute giving a right, in the nature of a preference, to one who in good faith operated over the route prior to January 15, 1921, as applied to facts in that case in favor of Yelton & McLaughlin. The court said:

"In the case at bar, we have no doubt whatever that, under the statutes above quoted, appellants, having signified their desire, willingness, and ability to continue their transportation business into the newly opened territory which they have been serving theretofore as necessity required, should be granted the certificate to the exclusion of anyone else. It is simply a statutory right which cannot be denied them under the evidence in this case."

In the present case, as we understand the record, the appellant auto freight company has not, at any time, operated a freight service north of Hunters to Kettle Falls, nor made any application for a certificate to render such service, nor manifested any willingness to

do so until the present time, while the respondent auto freight company did formerly express its willingness to go on to Kettle Falls and made a prior application for a certificate to do that service. These matters, however, are incidents in the consideration of the present applications which the department, together with all other evidence in the case, manifestly had in mind in entering its order.

Affirmed.

FULLERTON, C. J., TOLMAN, PARKER, and ASKREN, JJ., concur.