IN RE APPLICATION OF WATERLOO, CEDAR FALLS & NORTHERN RAILWAY COMPANY.

June 26, 1928.

*Pickett, Swisher & Farwell,* for appellant.

*Dwight Lewis* and *Stephen Robinson,* for Board of Railroad Commissioners.

*J. E. Williams,* for Red Ball Transportation Company, appellee.

STEVENS, C. J.—Application for a certificate of convenience and necessity to operate as a motor carrier under the provisions of Chapter 252-A1, Code of 1927, was filed with the state board of railroad commissioners on April 26, 1927, by the Waterloo, Cedar Falls & Northern Railway Company. The application in form and substance complied fully with all statutory requirements. Due notice was given, and time fixed for hearing the application.

On or about December, 1922, the Red Ball Transportation Company, having a certificate of convenience and necessity, commenced the operation of a motor bus line between Mason City and Waterloo, passing through, and giving service to, Nora Springs, Rudd, Floyd, Charles City, Waverly, Cedar Falls, and other intermediate points. Objections to the application of the Waterloo, Cedar Falls & Northern Railway Company for a

certificate were filed by the Red Ball Transportation Company. These objections challenged the application upon the principal ground that the public convenience and necessity do not require additional transportation facilities between the terminal points named. The proposed new route parallels that of the objector between Waterloo and Waverly and Nora Springs and Mason City. Its course is diverted at Waverly to Shell Rock, and thence through Allison, Green, Marble Rock, Rockford, and to Nora Springs.

After a full hearing before the commission, a certificate of convenience and necessity was granted. The district court, upon appeal, found that the board erred in its conclusion, and its order granting the certificate was reversed.

It is unlawful in this state for a motor carrier to operate or furnish public service therein without first having obtained from the commission a certificate that the public convenience and necessity require such operation. The substance of the application to be made to the commission and the procedure relating to the hearing and determination thereof by such commission are carefully prescribed by Chapter 252-A1 of the Code of 1927. All procedural requirements were complied with in this case.

It is essential at the outset that this court determine the extent and scope of the review permitted by the statute of the record and of the finding and order of the commission, on appeal to the district court. This question has not previously been considered or determined in this state. The chapter referred to is very comprehensive, and involves considerable detail. The jurisdiction and duty of the commission are carefully and fully prescribed.

Appeal may be taken from the order of the commission by the applicant or any party appearing before it in opposition thereto, to the district court of any county in which any portion of the route proposed in the application is located, by giving at least ten days' notice to the commission of such appeal, and by filing with the clerk of the district court a bond for costs in the penal sum of not less than $500. Upon the taking of the appeal, it is made the duty of the secretary of the commission to make and certify a transcript of all papers, records, and proceedings in connection therewith, and of the hearing, and to

cause the same to be filed with the clerk of the district court on or before the first day of the next term thereof.

Section 5105-a23, Code of 1927, relating to the trial and hearing before the district court, is as follows:

"The appeal shall be submitted upon the transcript of the evidence and the record made before the commission, and the district court shall either affirm or reverse the order of the commission."

Before granting a certificate, the commission must make a finding that the proposed service will promote the public convenience and necessity. When the certificate is granted, the commission may attach to the exercise of the rights therein conferred such terms and conditions as in its judgment the public convenience and necessity may require. It may grant the application in whole or in part only, upon such terms, conditions, and restrictions and with such modifications as to schedule and route as may seem to it to be just and proper.

It will be observed that the legislature has made no provision as to whether the hearing by the district court on appeal shall be by ordinary or equitable proceedings. No new testimony can be taken, and the appeal must be decided upon the record presented before the commission. The restriction placed upon the district court to affirm or reverse precludes any possible inference that the legislature intended the review to be in equity. The court can neither change nor modify the order of the commission. It must either affirm or reverse the same. None of the discretion confided to the commission is to be exercised by the court. To justify a reversal, error in the proceedings before the commission or in the order granted must appear.

The state board of railroad commissioners is a tribunal having broad powers and large discretion in matters relating to and affecting carriers such as railroads and motor busses. In the performance of its many and varied duties, it is constantly confronted with subjects involving questions the solution of which requires technical knowledge of rates, schedules, and transportation, and the assistance of experts. The determination of an issue as to what the public convenience and necessity require in the way of motor bus transportation involves a consideration of the extent of the territory to be served, the population thereof,

amount of travel, existing facilities, etc. These are all matters peculiarly within the jurisdiction of the commission, its expert knowledge, experience, and discretion. It cannot be supposed that the legislature intended to constitute the court a commission to sit in judgment as to all matters passed upon by the inferior tribunal. Necessarily, the proceedings before the commission are more or less informal, and technical rules of evidence are not observed. The only examination the court can possibly make of the merits is of such matters as are presented by the certified transcript of the record before the commission.

An appeal to the district court from the finding and order of the board of supervisors establishing a proposed drainage district may be taken by any party aggrieved. The statute, however, provides that, if the appeal in such case is not from the order of the board fixing the amount of compensation for lands taken, the appeal shall be triable in equity. Section 7522, Code of 1927. Not only are there no corresponding provisions in the chapter under consideration, but, as already stated, the only judgment the court can render is to affirm or reverse. It seems to us quite obvious that the purpose of the legislature was to provide for a speedy trial and adjudication of such issues of law as may be involved in the proceedings or order of the commission affecting the validity thereof. The trial court was of the opinion that the appeal brought up all questions of fact, as well as of law, for review. The reversal of the district court was put upon the ground that the evidence failed to disclose that the public convenience and necessity required additional facilities of transportation. The question here involved has arisen in several outside jurisdictions. With rare exception, the holding in such cases has been that the review intended was of questions of law only: such as, Did the commission act without or in excess of its jurisdiction? Is the order complained of without any support in the evidence? Was the action wholly arbitrary and unreasonable? *Bluefield Tel. Co. v. Public Service Com.*, 102 W. Va. 296 (135 S. E. 833); *State ex rel. United A. T. Co. v. Department of Pub. Works*, 129 Wash. 5 (223 Pac. 1048); *In re Application of Stolting*, 131 Wash. 392 (230 Pac. 405); *Minneapolis & St. L. R. Co. v. Railroad & Warehouse Com.*, 44 Minn. 336 (46 N. W. 559); *Oregon-Washington R. & N. Co. v. Corey*, 120 Ore. 517 (252 Pac. 955); *Hammond Lbr. Co. v. Pub-*

*lic Service Com.*, 96 Ore. 595 (189 Pac. 639) ; *Norfolk & W. R. Co. v. Public Service Com.*, 82 W. Va. 408 (96 S. E. 62) ; *People ex rel. Woodhaven G. L. Co. v. Public Serv. Com.*, 203 App. Div. 369 (196 N. Y. Supp. 623). Apparently, the Supreme Court of Ohio has given a somewhat more liberal interpretation to the statute of that state. *Ohio Util. Co. v. Public Util. Com.*, 108 Ohio St. 143 (140 N. E. 497) ; *Cincinnati Traction Co. v. Public Util. Com.*, 112 Ohio St. 699 (148 N. E. 921) ; *Lykins v. Public Util. Com.*, 115 Ohio St. 376 (154 N. E. 249).

This conclusion is wholly consistent with the limited judgment the court may enter. If the finding and order of the commission was legal in all particulars, then it must be affirmed. If there were infirmities of jurisdiction or procedure, or other illegality, then it should be reversed. The primary issue in the first instance is: Do the public convenience and necessity require the issuance by the board of a certificate? In this case, both sides introduced evidence in support of their respective claims. The testimony tended to show that a large percentage of the passengers carried by objector is between terminal points. The traffic between Cedar Falls and Waterloo is, however, large. The proposed new line parallels that of the objector between these points, but, as stated, its course is diverted from Waverly to Shell Rock, and thence for a distance of approximately 58 per cent of its entire route through other towns and territory which at present have no bus service.

We deem it unnecessary to discuss the evidence further than to say that the record does not disclose that the commission acted arbitrarily and without evidence to sustain its finding. If it had, its act would have been unlawful, and therefore subject to review on appeal.

It is our conclusion that the authority of the court to review the finding and order of the commission on appeal is limited strictly to questions of law, and that a review of issues of fact or of matters affecting the judgment and discretion of the commission is not authorized.

No error of law on the part of the commission is disclosed by the record, and therefore, its order should have been affirmed. This conclusion requires a reversal of the judgment of the district court. It is so ordered.—*Reversed.*

All the justices concur.