[No. 21492. Department Two. February 26, 1929.]

C. F. DEPPMAN, *Appellant*, v. THE DEPARTMENT OF
PUBLIC WORKS *et al.*, *Respondents*.[1]

*Bronson, Jones & Bronson,* for appellant.

*The Attorney General* and *H. C. Brodie, Assistant,*
for respondents Department of Public Works *et al.*

*Cleland & Clifford,* for respondent Wolverton Auto
Bus Co.

PARKER, J.—This is an appeal by C. F. Deppman
from a judgment of the superior court for Thurston
county, affirming an order of the state department of
public works, awarding to the Wolverton Auto Bus
Company a certificate of public convenience and neces-
sity, authorizing it to render auto freight service be-
tween Port Angeles and Seattle by way of Sequim,
Chimacum, Port Ludlow and Edmonds, exclusive of
local service between Edmonds and Seattle; Deppman,

[1]Reported in 275 Pac. 70.

also, being an applicant for such certificate, and his application therefor being denied by the department of public works.

At the time this controversy arose, Deppman had a certificate of public convenience and necessity issued April 28, 1926, by the department of public works, authorizing him to render auto freight service between Port Townsend and Quilcene. This is an approximately north and south route, with those places as termini thereof. During that period, and prior thereto, the Wolverton Company had a certificate of public convenience and necessity, issued by the department of public works, authorizing it to render auto passenger and express service over the route for which it was finally awarded the freight certificate here in question. The portion of this route between Port Angeles and Port Ludlow is an approximately east and west route. From Port Ludlow the route is southeasterly across the sound by ferry to Edmonds, and thence south over the state highway to Seattle. These routes intersect each other several miles south of Port Townsend, and several miles west of Port Ludlow.

Some considerable time prior to Deppman's receiving his certificate for his Port Townsend-Quilcene freight route, he commenced and continued to render auto freight service, not only over that route, but over territory not included therein, extending his service westward along the route of the Wolverton Company's passenger and express route some twenty miles west to and beyond Sequim. That territory then had a boat freight service, but not of a very satisfactory character as compared with what could be rendered by auto service. These conditions existed when the Wolverton Company sought from the department of public works the auto freight service certificate granted to it in the form of an amendment to its existing passenger and

express service certificate; Deppman at about the same time seeking from the department of public works an auto freight certificate over the same route. A consolidated hearing upon these applications was accordingly had before the department of public works, resulting as we have noticed.

The principal contention made in behalf of Deppman seems to be that he is entitled to a certificate of public convenience and necessity over the route in question, because of his prior freight service rendered by him along the passenger and express route of the Wolverton Company and adjoining territory, west of his Port Townsend-Quilcene route, and that the court should, under the circumstances appearing, so decide as a matter of law. The provisions of our certificate of public convenience and necessity statutes relating to the granting of certificates of public convenience and necessity in already occupied territory, are invoked in that behalf. The only statutory provisions which can be considered as in any wise lending support to this contention, are found in the language of Rem. Comp. Stat., § 6390, reading as follows:

"No auto transportation company shall hereafter operate for the transportation of persons and, or, property for compensation between fixed termini or over a regular route in this state, without first having obtained from the commission under the provisions of this act a certificate declaring that public convenience and necessity require such operation; but a certificate shall be granted when it appears to the satisfaction of the commission that such person, firm or corporation was actually operating in good faith, over the route for which such certificate shall be sought on January 15, 1921. . . . The commission shall have power, after hearing, when the applicant requests a certificate to operate in a territory already served by a certificate holder under this act, only when the existing auto transportation company or companies serving such

territory will not provide the same to the satisfaction of the commission, . . ."

We note, in this connection, that the record before us plainly shows that neither Deppman nor the Wolverton Company ever had any certificate authorizing either of them to render auto freight service over the route in question, unless we are to hold that Deppman's Port Townsend-Quilcene certified route covers the portion of the route in question, which we are satisfied, as the department of public works and the superior court manifestly were, that it does not. This statute manifestly was only intended to give preference to those rendering such service prior to January 15, 1921, a date shortly prior to the enactment of the certificate of public convenience and necessity statute, ch. 111 of the Laws of 1921, p. 338; Rem. Comp. Stat., § 6387. So, we are clear that it cannot be decided, as a matter of law, that such service as Deppman rendered in that territory after that date, the commencement of his service being long after that date, gave him any preference right to the certificate he here seeks, as a matter of law. Our decisions in *State ex rel. United Auto Transp. Co. v. Department of Public Works,* 119 Wash. 381, 206 Pac. 21; *Yelton & McLaughlin v. Department of Public Works,* 136 Wash. 445, 240 Pac. 679; and *State ex rel. Krakenberger v. Department of Public Works,* 141 Wash. 168, 250 Pac. 1088, cited by counsel for Deppman, are not out of harmony with this view, since those decisions all relate to attempted invasion of territory already served prior to January 15, 1921, or already served under certificates of public convenience and necessity issued thereafter.

This leaves only the question of abuse of discretion or arbitrary action on the part of the department of public works, such as would warrant the court to interfere with its decision awarding the certificate of

public convenience and necessity here in question to the Wolverton Company and denying such certificate to Deppman. Thé evidence touching this question covers a wide range. We do not feel called upon to further review the evidence here, and deem it sufficient to say that we have read the whole of it, as abstracted by counsel for Deppman, and are well convinced that it does not furnish ground for court interference with the decision of the department of public works. Our decisions in *State ex rel. B. & M. Auto Freight v. Department of Public Works,* 124 Wash. 234, 214 Pac. 164; *State ex rel. United Auto Transp. Co. v. Department of Public Works,* 129 Wash. 5, 223 Pac. 1048; *Northern Pac. R. Co. v. Department of Public Works,* 144 Wash. 47, 256 Pac. 333; *State ex rel. Byram v. Department of Public Works,* 144 Wash. 219, 257 Pac. 634, and others which might be cited, are in full harmony with this conclusion.

The Puget Sound Navigation Company, having some interest with Deppman, the nature of which we need not here notice, was an applicant with him for the certificate he sought and joined with him in this appeal. Our decision against Deppman is, of course, also a decision against the Navigation Company. We have omitted its name from the discussion merely for convenience of expression. The judgment of the superior court and the decision of the department of public works awarding the certificate to the Wolverton Company, and denying the application of Deppman and the Navigation Company, are affirmed.

MILLARD, MAIN, TOLMAN, and FRENCH, JJ., concur.