[No. 20246.    Department One.    December 3, 1926.]

THE STATE OF WASHINGTON, *on the Relation of B. Krakenberger et al., Plaintiffs*, v. DEPARTMENT OF PUBLIC WORKS *et al., Respondents.*[1]

[1] CARRIERS    (4)—REGULATION—FRANCHISES—STAGES—CERTIFICATES OF PUBLIC NECESSITY. It is proper for the department of public works to refuse a certificate of public convenience and necessity for through service between distant cities, already satisfactorily served by connecting lines between intermediate stations, where no complaint has been made of the service rendered, in view of Rem. Comp. Stat., § 6390, providing that a certificate shall not issue to operate in a territory already served to the satisfaction of the department.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered August 4, 1926, affirming an order of the department of public works denying a certificate of necessity and convenience for

[1]Reported in 250 Pac. 1088.

the conducting of an auto transportation service. Affirmed.

*Charles T. Peterson* and *G. E. Peterson,* for relators.

*The Attorney General* and *H. C. Brodie, Assistant* (*L. L. Thompson, Thos. H. Maguire* and *Frank P. Christensen,* of counsel), for respondents.

MITCHELL, J.—This is an appeal from a judgment of the superior court, which affirmed an order of the department of public works denying an application of the appellants for a certificate of public convenience and necessity for the operation of through auto stage service between Seattle and Hoquiam and intermediate points. At the present time, persons desiring to travel by auto stage between Seattle and Hoquiam, in either direction, may do so over the line of one company operating between Seattle and Tacoma, thence over another operating between Tacoma and Olympia, and thence over another operating between Olympia and Aberdeen-Hoquiam. The two lines entering Olympia use the same station building. The two lines entering Tacoma use the same station building.

In the application of the appellants before the department, in stating fully, as they were required to do by the terms of the written application form used, the conditions relied upon as justification for the granting of the certificate applied for, only "the giving of through service and reduced fares" was alleged. There was no charge or complaint that either one or more of the companies already in the field were giving inadequate service. A large number of protests were filed against the application by parties who appeared at the hearing before the department, including all the transportation companies now serving the territory.

Upon the hearing, the department of public works

found that the territory which the appellants proposed
to serve is already served by other certificate holders
under the law; that no complaint had been filed with
the department to the effect that the service now being
rendered by certificate holders over the route is in-
adequate or insufficient for the public needs; and that
the department has made no order relative to rates,
facilities or service which the certificate holders failed
or refused to obey. Upon the hearing and findings, an
order was entered by the department denying the ap-
plication.

[1] It may be said that, by the evidence, it appears
there have been from time to time patrons who, at
either end of the territory, asked if there was continu-
ous through transportation on one auto stage, but no
one has ever made any complaint to the department
that the present service was inadequate because lack-
ing in such service. On the contrary, the record shows
that through tickets are sold, covering the whole terri-
tory or less, that are honored by all the carriers be-
tween points designated; that schedules are main-
tained sufficient to conveniently take care of travellers;
and that immediate or close connections are made be-
tween intermediate connecting lines at the station
buildings. There was abundant evidence from persons
and organizations that the present service is satis-
factory and adequate. As already stated, the appel-
lants, in instituting this proceeding, did not make com-
plaint of any kind; they simply applied for a certificate
to do a through service. The department decided the
matter upon what we think is a proper understanding
of § 4, ch. 111, Laws 1921, p. 341, relating to transpor-
tation by motor vehicles, same being Rem. Comp. Stat.,
§ 6390, [P. C. § 234-6]. The applicable portion of the
section says:

"The commission shall have power, after hearing, when the applicant requests a certificate to operate in a territory already served by a certificate holder under this act, only when the existing auto transportation company or companies serving such territory will not provide the same to the satisfaction of the commission, and in all other cases with or without hearing, to issue said certificate as prayed for."

Whether, under the statute or in the absence of it, that regulation is best where within a territory under the jurisdiction of the department one or more companies are operating, and some other service of the same general kind is needed and useful, the company or companies already operating should be first called on to render such additional service, for the sake of economy as well as safety in preventing, as far as possible consistent with reasonable necessity, the use of the highways by modern, commodious, high-powered motor vehicles such as are now used by the transportation companies. In the present case, in answer to questions by or on behalf of the department, each of the corporations now serving a section of the whole territory involved stated it would be willing to join any other company, or all of them, in furnishing continuous through service on a single vehicle, if and when determined upon either by the department or by an appeal to the courts. While such offers may not be binding, they manifest ordinary good faith and judgment that must be taken into account by way of formal request on the part of the department, if occasion arises, and refusal by all the companies prior to the granting of a certificate to another.

Judgment affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and FULLERTON, JJ., concur.