[No. 21900. Department One. August 14, 1929.]

NORTH BEND STAGE LINE, INCORPORATED, *Appellant,* v.
JOHN C. DENNEY *et al., Respondents.*

GREAT NORTHERN RAILWAY COMPANY *et al., Plaintiffs,* v.
JOHN C. DENNEY *et al., Defendants.*[1]

*Kelly & MacMahon, Poe, Falknor, Falknor & Emory*
and *W. R. Crawford,* for appellant.

*The Attorney General* and *H. C. Brodie, Assistant,*
for department of public works.

*Cleland & Clifford,* for respondent Washington
Motor Coach Co.

[1]Reported in 279 Pac. 752.

BEALS, J.—The parties to this proceeding, with the exception of those named as members of the department of public works of Washington, are common carriers of passengers and express, operating within this state either as proprietors of stage lines or of railroads.

Respondent Washington Motor Coach Company, original applicant herein, has been for some time operating, directly, under certificate of public convenience and necessity number 400, and indirectly, through subsidiary companies holding other similar certificates, an extensive passenger and express service throughout eastern Washington. The northern terminus of this system is at Oroville, the eastern terminus at Spokane, and the southern terminus at Yakima. Certificate number 400 authorizes its holder to operate as far to the west as the town of Easton, and this proceeding was initiated by an application filed by respondent with the department of public works for an extension of the service allowed under its certificate number 400 by permitting the holder of that certificate to carry passengers and express through Easton to the westward and along the Sunset highway to Seattle. The applicant further requested that its certificate number 400 be consolidated with certificate number 107 held by Puget Sound Motor Coach Company, one of its subsidiary corporations, the last mentioned certificate covering a specified route from Seattle to Kirkland, thence southeasterly a short distance along the Sunset highway to its intersection with the Solberg road; thence along this road to Carnation, all within King county.

Appellant, North Bend Stage Line, Inc., a corporation, the holder of certificate number 100, authorizing the carriage of passengers and express along the Sunset highway between Seattle and Easton, and the other

transportation companies named in the caption hereof, resisted before the state department of public works the granting of the application above referred to. After a full hearing, the department entered an order permitting the enlargement of certificate number 400 as prayed for by its holder, with the restriction that, under the amended certificate, no local service would be permitted between Seattle and Easton, except such service as was formerly authorized under certificate number 107 between Seattle, Carnation, and intermediate points.

Appellant, by an appropriate proceeding, brought this order before the superior court for Thurston county for review. A hearing before that tribunal resulted in an affirmance of the order entered by the department, and from the judgment of affirmance, appellant alone appeals to this court.

Appellant, for more than five years, has been operating under its certificate number 100 between Seattle on the west and Easton on the east by way of Falls City and North Bend. This route, as a whole, was not served by the holder of any other certificate. In enlarging respondent's certificate number 400 and consolidating the same with certificate number 107, the department was of the opinion that appellant's rights were preserved by the limitation attached to certificate number 400, as amended and enlarged, prohibiting the holder thereof from carrying passengers or express, other than through traffic, between Seattle and Easton, save in so far as such carriage had been theretofore permitted under certificate number 107. In support of its order, the department entered elaborate findings of fact, which are now before us.

Appellant assigns error upon the entry of judgment by the superior court affirming the order of the department of public works, and upon the failure of that

court to find that the order above referred to was unreasonable, arbitrary and capricious, contrary to the weight of the evidence, and in contravention of existing laws and of the rights of appellant as guaranteed by the constitution of the United States and by that of the state of Washington. The assignments of error are so closely related that they are properly discussed and considered together.

Respondent, under certificate number 400, serves the territory outlined roughly by the cities of Spokane, Quincy, Wenatchee, Oroville, Yakima and Easton. Respondent operates between other points under various certificates. Passengers desiring to proceed by stage from Spokane to points west of Wenatchee, change stages and spend the night at that city. It is respondent's desire, under the extension of service for which it petitioned, to run its stages directly through from Wenatchee to Seattle.

Appellant's officers, testifying on its behalf, stated that appellant would be willing to so arrange its schedules as to connect at Easton with respondent's stages and to participate in such joint rates as might lawfully be established. Appellant earnestly contends that no sufficient convenience or necessity for the establishment of a through service between Wenatchee and Seattle was shown, and that the order of the department enlarging respondent's certificate number 400 was improvidently entered and should be set aside.

Appellant concedes that it would be more convenient for a passenger to be able to remain on one stage, without the necessity of transfer of person or baggage, during the entire trip between Wenatchee and Seattle and thereby avoid the change from one stage to another at Easton. Appellant urges, however, that mere convenience alone will not support the issuance of a certificate covering territory already served by another

certificate holder, and that, before a new certificate can be issued or an old one enlarged, a necessity must also be found to exist.

We think it is clear, as a general proposition, that a through service is the best service, and that transfers of passengers and baggage from one stage to another should be eliminated whenever possible, having due regard to proper economy of operation and legal rights existing in favor of certificate holders. The department found that

". . . public convenience and necessity require the furnishing and operating of passenger and express service by motor propelled vehicles between all points in the territory served under certificate of public convenience and necessity number 400 and Seattle,"

and that the connected service offered by appellant would not be in the public interest.

It does not appear from the record, nor did the department find, that appellant's service between Seattle and Easton is inadequate, or that the territory served has not been adequately cared for by appellant.

Section 6390, Rem. Comp. Stat., provides that the department may authorize an applicant to operate in a territory already served by a certificate holder only when the existing service is not satisfactory to the department. Under this section of the code, appellant contends that the judgment of the superior court affirming the order of the department must be reversed, unless it be concluded that respondent's certificate number 400 as enlarged does not permit respondent "to operate in a territory already served." Appellant has heretofore, in so far as traffic between Seattle, Falls City, North Bend and Easton is concerned, enjoyed a monoply. This is a valuable right which must not be infringed upon save strictly in accordance with law and then only when existing facts justify such infringement.

It is, of course, true that appellant, as long as respondent's service ends at Easton, enjoys the opportunity of carrying persons who ride on respondent's stages as far west as Easton, thence to Seattle, and also of transporting persons who desire to go from Seattle by stage to eastern Washington to Easton, where such persons may take respondent's stages to their respective destinations.

The question of whether or not this undoubtedly valuable and profitable business is one to which appellant, under the circumstances as they now exist and as they existed at the time of initiation of this proceeding, has a lawful right, or whether its prospective loss under the order of the department which is now before us for review constitutes *damnum absque injuria*, is the question to be determined on this appeal.

Under the order of the department, respondent is prohibited from transporting passengers or freight over the route formerly monopolized by appellant, save, of course, in so far as respondent's subsidiary company formerly competed with appellant under certificate number 107.

Appellant argues that the opinion of this court in the case of *State ex rel. Krakenberger v. Department of Public Works*, 141 Wash. 168, 250 Pac. 1088, is directly in point on the question presented by its appeal. In that case, a certificate was denied to an applicant who desired to establish a through auto stage service between the cities of Seattle and Hoquiam. On appeal by the applicant from the judgment of the superior court affirming the order of the department of public works, the judgment of the superior court was affirmed. The applicant contended that, as the service as conducted under the certificates existing at the time of his application required passengers to change cars at Tacoma and Olympia, the through service which he

desired to install was both convenient and necessary to the public, and that the certificate which he desired should be granted. This court held that it abundantly appeared from the evidence that the service rendered by the companies who were already operating was satisfactory and adequate, and concluded that the order of the department should be affirmed.

The situation presented by the facts in the case cited differs materially from that presented here. The applicant for permission to install the through service was not, nor had he before been, engaged in the transportation business, nor was he the holder of any certificate of public convenience and necessity. Neither did the applicant seek to establish a service which would be a part of, or connect with, any existing service, the line which he desired to operate being apparently one complete in itself. The transportation system which he sought to install did not contemplate the development of any new business, but would necessarily rely for its support upon the diversion of traffic which was then being handled by the carriers already occupying the field, who were maintaining over the route upon which the applicant desired to operate a coordinated and connected service, selling through tickets and using the same stations or terminals.

In the case at bar, respondent is seeking to improve an existing and very extensive service, and is prohibited from competing with appellant in the territory which appellant directly served. In our opinion, the decision of this court in the case cited is not controlling on the question here presented.

Appellant also cites the case of *State ex rel. United Auto Trans. Co. v. Department of Public Works,* 119 Wash. 381, 206 Pac. 21, in which it was held that an established service, passing within one hundred yards

of a street car terminus, constituted that station, "territory already served," within the meaning of the law. No questions of adequacy or improved service were presented, and the judgment of the superior court affirming an order of the department of public works, entered without any hearing as to the adequacy of the service rendered by the prior operator, was reversed. Upon the record presented to the court in the case cited, it clearly appeared that no occasion existed for the allowance of the new service sought to be installed. The territory served was extremely limited, as compared with that served by the parties to this proceeding. ˙ Under the circumstances, the granting of a certificate to a new operator was clearly erroneous. If respondent were seeking to establish a new service which would connect with a station one hundred yards from Easton, or a mile or five miles from Easton, the decision cited by appellant would be in point, but this appeal presents an entirely different question.

Appellant also cites the case of *Pacific Northwest Traction Co. v. Department of Public Works,* 151 Wash. 659, 276 Pac. 566, in which this court reversed a judgment of the superior court sustaining an order of the department granting a certificate to an applicant therefor, who sought leave to establish a motor vehicle service between Seattle and Everett. This court held that a carrier, who had for some time been operating under a proper certificate between the two cities mentioned, was entitled to a certificate allowing it to operate over a new road between the two cities referred to, and that an order granting a certificate authorizing an applicant, who had never maintained any service as a common carrier, to operate over this new road, must be set aside. In the course of the opinion, it is stated that it must be concluded that the common carrier already in operation was serving, not

only the two cities and the territory between them, but the territory to the north of Everett and to the south of Seattle. From this, appellant argues that it must be held in the case at bar that it is serving the territory to the east of Easton and to the west of Seattle. Granting that this is true, it avails appellant nothing when the question to be decided in this action is considered, the problems in the two cases being different in fundamental particulars.

The case last cited presented another attempt by an applicant, who had not theretofore maintained any service whatsoever, to establish a competing service, using as an excuse therefor, the fact that a new road had recently been opened, affording a shorter and more convenient route between the cities which the applicant desired to serve. No question of improved service was presented, as the company formerly occupying the field itself desired to operate over the new and shorter route. It was properly held that the field was occupied by the holder of the existing certificate.

Appellant cites other authorities including orders heretofore entered by respondent department. Realizing that the question presented in this case is of great importance, both to the appellant itself and to other common carriers operating within this state, we have carefully examined the authorities relied on by appellant. While it is true that expressions occur therein which seem to support appellant's position, when the same are considered in connection with the facts concerning which the language relied upon by appellant was used, we find that the facts which were being considered by the department, commission or court, as the case may be, were so different from those presented in the proceeding now before us that the orders or decisions relied upon by appellant are not

controlling or of any particular authority in determining the case at bar.

This court has, time and again, held that, in reviewing an order entered by the department of public works,

". . . the findings of the department will not be disturbed unless they show evidence of arbitrariness and disregard of the material rights of the parties to the controversy." *State ex rel. B. & M. Auto F. v. Dept. of Public Works*, 124 Wash. 234, 214 Pac. 164.

The department has found that the order which it has entered will result in improved service to the public, and that it is supported by "convenience and necessity" to an extent sufficient to justify the making thereof.

Appellant concedes that the order is supported by a certain amount of convenience, but denies that it is supported by any necessity, and seeks to differentiate between the two words to such an extent that the order of which it complains will fall by reason of lack of sufficient support from the pillar entitled "necessity." While the words "convenience and necessity," as used in connection with the word "public" in the statutes of this state pertinent to public utilities, do not mean exactly the same thing, it is manifest that the word "necessity" does not mean *necessary* in the ordinary sense of the word. The convenience of the public must not be circumscribed by according to the word "necessity" its lexicographical meaning of "an essential requisite." The statute is to be so construed as to encourage, rather than retard, mechanical and other improvements in the appliances devoted to the public service, and in the use thereof in that service, to the end that both the quality and quantity of that which is offered to the public for its pleasure, convenience or necessities may be improved and increased.

Chief Justice Marshall, in the opinion rendered by

the supreme court of the United States in the case of *McCulloch v. Maryland,* 17 U. S. 315, referring to the power of Congress "to make all laws which shall be necessary and proper" for carrying into effect the powers granted to Congress by the constitution of the United States (Const. Art. I, § 8), held that the word "necessary" did not "import an absolute physical necessity," but meant "no more than that one thing is convenient or useful or essential to another." In the course of this opinion, it is stated that

". . . it is essential to just construction, that many words which import something excessive, should be understood in a more mitigated sense—in that sense which common usage justifies. The word 'necessary' is of this description."

The court held that, in construing the word "necessary," its use in connection with the word "proper" must be given consideration, and concluded that, by the use of the two words, the framers of the constitution did not intend to limit the powers of Congress to such powers as might be held to be included within a strict construction of the word "necessary."

Following this course of reasoning, and considering the two words in the phrase "convenience and necessity" together, we conclude that the same will not support the construction sought to be placed thereon by appellant.

The supreme court of Illinois, in the case of *Wabash, Chester & Western R. Co. v. Commerce Commission,* 309 Ill. 412, 141 N. E. 212, referring to the words "convenience and necessity" as used in a statute of Illinois similar to the law of this state under which public utilities are constructed or extended, held that:

". . . any improvement which is highly important to the public convenience and desirable for the public welfare may be regarded as necessary."

We are convinced, from a careful examination of the record before us, that the order of the department of public works appealed from is amply supported by both public convenience and necessity, that the order preserves to appellant all that it can lawfully demand, and that, in so far as appellant will suffer any decrease of revenue by reason of the establishment by respondent of through service to Seattle, such loss will be a damage of which appellant cannot complain and for which the law affords no remedy.

The judgment appealed from is affirmed.

FULLERTON, TOLMAN, HOLCOMB, and MILLARD, JJ., concur.