[No. 23385.  *En Banc.*  February 24, 1932.]

NORTH BEND STAGE LINE, INC., *Appellant,* v. WASHING-
TON MOTOR COACH COMPANY, INC., *Respondent.*[1]

*Poe, Falknor, Falknor & Emory,* for appellant.
*Cleland & Clifford,* for respondent.

MAIN, J.—By this action the plaintiff sought an in-
junction against the defendant. The cause was tried
to the court without a jury, and the relief prayed for
was denied. From the judgment entered dismissing
the action, the plaintiff appeals.

The facts essential to be here stated are these: The
Washington Motor Coach Company, a corporation, is
engaged in the business of transporting passengers
and express, by means of motor-propelled vehicles,
under certificate of public convenience and necessity

[1]Reported in 8 P. (2d) 302.

No. 400, and indirectly through subsidiary companies holding other similar certificates, and does an extensive business throughout eastern Washington. The northern terminus of its system is at Oroville, the eastern at Spokane, and the southern at Yakima. Certificate No. 400 authorizes its holder to operate as far west as the town of Easton.

The appellant, the North Bend Stage Line, Inc., is a corporation, and holds certificate No. 100 authorizing the carriage of passengers and express along the Sunset highway between Seattle and Easton.

In 1928, the respondent applied to the department of public works for an extension of its certificate, by which it would be enabled to carry passengers and express from points upon its system in eastern Washington to Seattle. In its application, it disclaimed any desire to do a local business between that city and Easton. After this application was filed, a hearing was had by the department of public works, and much testimony was taken upon the question of whether public convenience and necessity would be best served by carrying passengers and express from points in eastern Washington to Seattle.

The department sustained the application, and entered an order authorizing the service. From that order, the cause was taken before the superior court for review, and the order of the department was there affirmed. From the judgment of the superior court, an appeal was taken to this court, where the judgment of that court was affirmed. *North Bend Stage Line, Inc. v. Denney,* 153 Wash. 439, 279 Pac. 752. Thereafter the case was taken to the United States supreme court, and the judgment of this court was there sustained. 283 U. S. 786.

After the department granted the extension of the certificate asked for, the respondent, in the operation

of its motor buses, would carry passengers and express from points in eastern Washington on its system, not only to Seattle, but to points between that city and Easton. It would also receive passengers and express at intermediate points between Seattle and Easton to be carried to points in eastern Washington. The appellant objected to this service, and claimed that it had a right to carry all passengers and express destined for eastern Washington points, by way of Easton, which should originate at any place between that town and Seattle upon the Sunset highway as far as Easton. It also claimed that the respondent had no right to deliver passengers or express from points on its system in eastern Washington at any point on the Sunset highway west of Easton, other than at Seattle.

The present action was brought to prevent the respondent from receiving passengers or express at any other point west of Easton, other than Seattle, for carriage to eastern Washington, and to prevent the respondent from transporting passengers and express from points in eastern Washington to points on the Sunset highway between Easton and Seattle. Between Easton and Seattle there are a number of towns and villages, two or three of which are of substantial size.

The question is whether the department's order extending certificate No. 400, held by the respond-. ent, authorized the service which is now objected to by the appellant. In the application for the amended certificate, there are such references as to "Puget Sound," "Puget Sound points," "territory on Puget Sound," "Puget Sound cities and territory," and "western Washington." When the application was filed, there was filed with the department, along with the application, a time schedule and tariff, showing a proposed service not only from Seattle, but from all points between that city and Easton to points in

eastern Washington on the respondent's system. The application recited that the time schedule · and tariff was filed in accordance with the rules of the department.

In the hearing before the department above mentioned, on the question of whether convenience and necessity required the extension of certificate 400, the testimony generally referred to traffic from points in eastern Washington to Seattle, without mentioning the intermediate points between that city and Easton. There is in the testimony, however, reference to service "between Wenatchee and Seattle and Puget Sound points," "between Wenatchee and Yakima territories and to the Puget Sound country," and "service across the Cascade Mountains."

In the order granting the application of the respondent for extension of certificate No. 400, it was provided that the Washington Motor Coach Company, the respondent,

". . . is hereby authorized to furnish passenger and express service between [points therein named], by means of motor-propelled vehicles, in accordance with time schedule and tariff on file with the department of public works of Washington and the conditions and limitations noted therein."

The order also contained this provision: "No local service shall be furnished between Seattle and Easton, Washington, or intermediate points."

In the hearing before the department, before the superior court, before this court and the supreme court of the United States, the service stressed was from points in eastern Washington to Seattle, and little mention was made of intermediate points between that city and Easton. At no time, so far as the record before us shows, did the respondent disclaim an intention to furnish service from points in eastern Washington to

points intermediate between Easton and Seattle, or from those points to places in eastern Washington. It did repeatedly disclaim any intention to interfere with any of the rights of appellant under the certificate of convenience and necessity which it held, which authorized a local passenger and express service between Seattle and Easton and intermediate points.

When the application for the amended certificate No. 400, the time schedule and tariff filed therewith as the rules of the department required, and the provisions of the order of the department, are considered, it seems plain that it was the intention of the department to authorize the respondent to carry traffic from points in eastern Washington to points between Seattle and Easton, and from those intermediate points to places in eastern Washington on the respondent's system. If this had not been the intention of the department, it would hardly have placed in its order a provision that authorized the respondent to furnish a passenger and express service, by means of motor-propelled vehicles, "in accordance with the time schedule and tariff" then on file.

The appellant, as stated, had a right under its certificate to carry passengers and express between Seattle and Easton and intermediate points, and this was purely a local service. The carrying of passengers and express from points in eastern Washington to Seattle and intermediate points between that city and Easton and from those points to destinations in eastern Washington, was a through service and not a local service. The amended certificate authorizing the respondent to furnish this through service in no way impinged upon any right that the appellant had under its certificate.

The judgment will be affirmed.

PARKER, MITCHELL, HOLCOMB, MILLARD, and BEELER, JJ., concur.

BEALS, J. (dissenting)—Examination of the record in this case convinces me that the schedules which are the subject matter of this litigation, were never adequately presented to the department of public works, and that the matter should be re-referred to the department for further consideration and action. In my opinion, the judgment appealed from should be reversed, with instructions to the trial court to enter an order granting respondent a reasonable time to initiate an appropriate proceeding before the department of public works for the purpose of procuring a ruling upon the questions here involved, the order further to provide that, if no such proceeding be initiated within the time specified, a judgment be entered awarding appellant the relief which it seeks.

TOLMAN, C. J., concurs with BEALS, J.