[No. 29257. Department One. October 11, 1945.]

L. A. SHELTON, *Appellant*, v. ANACORTES-MOUNT VERNON STAGE COMPANY *et al., Respondents.*[1]

[1]Reported in 162 P. (2d) 450.

*Clarence J. Coleman* and *Thomas G. McCrea,* for appellant.

*The Attorney General* and *R. Paul Tjossem, Assistant,* for respondent Department of Public Service.

*Welts & Welts,* for respondent Anacortes-Mount Vernon Stage Company.

MILLARD, J.—Mrs. L. A. Shelton, doing business as Mukilteo-Whidby Stages, has operated for about ten years an auto transportation service which authorizes her to carry passengers between Seattle, over the Pacific highway, to Mukilteo; thence by ferry to Whidby Island; thence north to Oak Harbor, the other terminal, which is near the north end of Whidby Island.

Whidby Island is a large island in Puget Sound. The southern tip of the island is due west on a point midway between Edmonds and Mukilteo, while the northern end of the island is approximately due west from Mount Vernon. The island is approximately fifty miles in length. There are three means of ingress and egress to and from the island: The bridge at Deception Pass connecting the northern end of Whidby Island with the mainland; a ferry between Mukilteo, on the mainland, and Columbia Beach; and a ferry between Keystone, Whidby Island, and Port

Townsend on the Olympic Peninsula. The Whidby Island road meets the Anacortes, Mount Vernon road beyond Oak Harbor at Dean's Service Station called Whidby Island Junction. Anacortes-Mount Vernon Stage Company has operated for more than seventeen years an auto transportation company under a certificate which authorizes it to carry passengers between the fixed termini of Mount Vernon and Anacortes over the only highway between those points, known as the Mount Vernon-Anacortes road.

The department of public service, pursuant to an agreement between Mrs. Shelton and Anacortes-Mount Vernon Stage Company, entered an order in 1941 to permit Mrs. Shelton to extend her run from the Oak Harbor terminal to carry mail and some passengers to Anacortes. This overlapped the run of the stage company from Whidby Junction to Anacortes. The stage company operated from Mount Vernon through Whidby Island Junction to Anacortes.

A navy base was placed at and near Oak Harbor, as a result of which many civilian workers were employed, two hundred going daily from Mount Vernon and that area, and large numbers of military personnel were shipped into Oak Harbor. Prior to this time, the stage company carried almost a thousand passengers annually from Whidby Island Junction to Mount Vernon. Mrs. Shelton and the stage company both made application to the department of public service for authority to transport passengers between Oak Harbor and Mount Vernon. The two applicants, together with the Mount Vernon chamber of commerce, which was also made a party, appeared before the department of public service, which, after full hearing, made findings and conclusions and granted a certificate to Anacortes-Mount Vernon Stage Company authorizing that company to operate between Oak Harbor and Mount Vernon, with no local service between Whidby Island Junction and Oak Harbor, and no service between points Anacortes to Whidby Island Junction on the one hand, and from Whidby Island Junction to Oak Harbor on the other hand. The application of Mrs. Shelton to operate

between Mount Vernon and Oak Harbor was denied. Mrs. Shelton appealed from that order to the superior court for Thurston county, which affirmed the order of the department. Mrs. Shelton has appealed.

The findings of the department, which are amply supported by the evidence upon which it based the order granting the certificate to respondent, are that, considering the equipment, financial ability to render and continue rendering satisfactory service, past performance, and present operations of each applicant, respondent is more capable of rendering adequate and reliable service in connection with the application than is appellant.

An examination of the record discloses that appellant had never been able to render connecting service at Whidby Island Junction with respondent's line although the authority in appellant's certificate between Oak Harbor and Whidby Island Junction, and between Oak Harbor and Anacortes was granted to appellant on condition that she render connecting service with respondent's line, which condition Mrs. Shelton admitted she could not satisfactorily meet. The connecting service of appellant between Oak Harbor, Whidby Island Junction, intermediate points, and Anacortes was authorized by the department, with consent of respondent, for the purpose of transferring passengers from Oak Harbor, going to Mount Vernon, at Anacortes to respondent's line. For long periods, appellant operated only one round trip a day between those points, and that for the purpose of carrying the mail. Appellant's line missed schedules, did not adhere to time schedules, and it was apparent that appellant's only purpose in going into Anacortes was to transport the mail and the passenger business was secondary.

■ Under the statute (Rem. Rev. Stat., Vol. 7A (Sup.), § 6390 [P. P. C. § 282-7]), the department was without authority to grant a certificate to operate in territory already served, unless the existing auto transportation company or companies would not provide service to the satisfaction of the department. The department did not act under the authority granted it by statute to authorize ser-

vice in territory already served, but based its order on the assumption that the applications were for authority to serve in territory not already served.

█ Prior to the institution of this proceeding, no service was rendered between Oak Harbor and Mount Vernon. Subsequent to authorization to appellant to operate between Oak Harbor and Whidby Island Junction, appellant was authorized by agreement with respondent to operate from Whidby Island Junction to Anacortes. The attempt by the department to have the two applicants perform a connecting service at the Junction so as to give service between Oak Harbor and Mount Vernon was not successful, the fault being chargeable, as the department found, to appellant. As no carrier was authorized to serve between Oak Harbor and Mount Vernon, any inauguration of service between those two points would be a new service in territory not presently served. *North Bend Stage Line v. Denney,* 153 Wash. 439, 279 Pac. 752.

To have granted the application of respondent in full would have authorized respondent to serve between Oak Harbor and Anacortes and between points intermediate between Whidby Island Junction and Anacortes and Oak Harbor. Such inclusion of authority in the order would have permitted respondent to invade territory previously granted to appellant; the department, therefore, limited the authority granted to respondent by placing therein the limitation:

". . . with no local service between Whidby Island Junction and Oak Harbor, and no service between points Anacortes to Whidby Island Junction on the one hand and points Whidby Island Junction to Oak Harbor on the other hand."

█ The granting of a certificate authorizing transportation between fixed termini over a specified route does not give to such carrier the exclusive right to carry all passengers who depart from that terminal for other destinations and all passengers seeking entrance to that terminal area. The only right granted is to operate over a fixed route from one terminus to another. Mount Vernon does not lie en-

route between Seattle, Mukilteo, and Oak Harbor, or between Oak Harbor and Anacortes.

In *North Bend Stage Line v. Denney, supra,* we held a through service eliminating changes and delays and in the public interest may be provided by extending a present certificate holder's route over territory already locally served by one having a prior right and already giving satisfactory *local* service, where the order prohibits transportation other than through traffic over the route formerly monopolized. In the case cited, North Bend Stage Line held a certificate authorizing service between Seattle and Easton, Washington. The Washington Motor Coach Company, which, under its certificate, carried passengers and express from eastern Washington to Easton, applied to the department for extension of its service to the transportation of passengers and express through Easton, westerly along the Sunset highway to Seattle. The petition was granted with the restriction that, under the amended certificate, no local service would be permitted between Seattle and Easton. The department decided, which decision was sustained by the superior court and this court on appeal, that the right of appellant stage line, under its certificate authorizing service along the Sunset highway between Seattle and Easton, was preserved by the limitation attached to the certificate prohibiting the Washington Motor Coach Company from carrying passengers or express other than through traffic between Seattle and Easton. In similar manner, the department preserved appellant's rights in the case at bar by refusing authority to respondent to carry passengers from Anacortes to Oak Harbor. See, also, *Suburban Transp. Co. v. Furse,* 13 Wn. (2d) 345, 125 P. (2d) 266.

As the department found convenience and necessity existed, it became incumbent upon the department to determine which of the two applicants should perform the service. The department's finding, which is amply supported by the evidence, that respondent is more capable of rendering adequate and reliable service in connection with the application for authority to operate a line between Oak

Harbor and Mount Vernon than is appellant, may not be disturbed. We have consistently held that the finding of the department will not be disturbed unless it discloses evidence of arbitrariness and disregard of the material rights of the parties to the controversy. No such showing has been made, therefore the judgment is affirmed.

BEALS, C. J., STEINERT, JEFFERS, and MALLERY, JJ., concur.