[No. 16991.  Department Two.  April 3, 1922.]

THE STATE OF WASHINGTON, *on the Relation of United Auto Transportation Company, Appellant,* v. DEPARTMENT OF PUBLIC WORKS *et al., Respondents.*[1]

CARRIERS (1)—REGULATION—CERTIFICATES OF PUBLIC NECESSITY— POWERS OF DEPARTMENT. The department of public works cannot grant a certificate of necessity for a stage route to a certain station, without a hearing, where it was already served by a line running past, and within one hundred feet of the station; in view of the express terms of Rem. Comp. Stat., § 6390.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered November 25, 1921, affirming an order of the department of public works granting a certificate of necessity and convenience for the conducting of an auto transportation service. Reversed.

*Leo Teats,* for appellant.

*The Attorney General* and *Raymond W. Clifford, Assistant,* for respondents.

MACKINTOSH, J.—The respondents having granted to George Miller a certificate of necessity and convenience for the conducting of an auto transportation service between Miller Station and Camp Lewis, the relator brought the matter before the superior court, and from a judgment there affirming the order of respondents, has appealed.

The testimony shows that the relator was operating an auto transportation line between Tacoma and Camp Lewis on January 15, 1921, and that by virtue of that fact was entitled to and was granted a certificate covering that route and intermediate points, under ch. 111,

[1]Reported in 206 Pac. 21.

p. 338, Laws of 1921.  Miller Station is at the end of
the street car line running from Tacoma towards Camp
Lewis, and is situated some one hundred yards distant
from the Pacific highway over which appellant is op-
erating its busses.  In addition to maintaining regular
service between Tacoma and Camp Lewis, passing Mil-
ler Station at the distance we have mentioned, the re-
spondent also maintains a service consisting of four
trips daily over a route from Tacoma to Camp Lewis,
by way of American Lake, which passes directly
through Miller Station.

It is the relator's contention that, under § 4 of ch.
111, p. 341, Laws of 1921, the respondents could not
grant a certificate to Miller in the absence of an order,
after a proper hearing before the department, direct-
ing the relator to provide satisfactory service, and
after a refusal of the relator to obey the order of the
respondents to provide additional service, or to change
the fares charged passengers.  In this case the cer-
tificate was issued to Miller without, according to the
relator, such a hearing, and without the making of any
such order.  So far as material, § 4 is as follows:

".  .  .  .  The Commission shall have power, after
hearing, when the applicant requests a certificate to
operate in a territory already served by a certificate
holder under this act, only when the existing auto
transportation company or companies, serving such
territory will not provide the same to the satisfaction
of the Commission, .  .  ."    [Rem. Comp. Stat.,
§ 6390.]

As we read it, the contention of the relator must be
sustained, if, as a matter of fact, Miller Station is "ter-
ritory already served by a certificate holder."

This question of fact must also be resolved in favor
of the relator.  As we have noted, the relator main-

tains a service from 5 o'clock in the morning until 1 o'clock of the following morning, daily, passing within one hundred yards of the street car terminus, and four times during the day it goes directly through the station in question. Certainly this would constitute Miller Station "territory already served" within the act.

The questions of whether the service is adequate, or whether the rates charged by relator are proper, are questions which, under the law, the relator is entitled to a hearing upon, and it is only after a hearing and an order entered directing the relator to change its schedule or rates, and a refusal by the relator to obey that order, that respondents have power to issue a certificate to some other person to then inaugurate a new service.

For these reasons, the judgment of the superior court sustaining the granting of the order of necessity to George Miller by the respondents is reversed and the commission's order is set aside.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.