[No. 21649. Department Two. April 23, 1929.]

PACIFIC NORTHWEST TRACTION COMPANY, *Appellant,* v. DEPARTMENT OF PUBLIC WORKS *et al.,* *Respondents.*[1]

[1]Reported in 276 Pac. 566.

*Cleland & Clifford,* for appellant.

*The Attorney General* and *H. C. Brodie, Assistant,* for respondent Department of Public Works.

*Charles T. Peterson* and *G. E. Peterson,* for respondent Krakenberger.

MAIN, J.—This is an appeal from a judgment of the superior court, sustaining an order of the department of public works relative to the issuance of a certificate of public convenience and necessity for motor vehicle passenger and express service between the cities of Seattle and Everett. The Pacific Northwest Traction Company is the appellant, and B. Krakenberger the respondent.

During the latter part of October, 1927, the state completed and opened to public travel twelve or fifteen miles of new paving extending from the line between the counties of King and Snohomish north to the city of Everett. The result of the opening of this highway was to make an additional paved road between the two cities mentioned. The portion to the south of the dividing line between the two counties had, a number of years previously, been paved by King county, and extends to the city of Seattle. The newly completed pavement, together with the paving done prior by King county, constitutes a continuous pavement between Seattle and Everett, and is referred to as the "new Pacific Highway." Prior to the opening of this highway, the only continuous highway between the two cities was through Bothell, and that road is generally referred to as the "old Pacific Highway." These two roads, at the most distant point, are approximately six miles apart. From there they gradually converge to the north until they come together

near the southern limits of the city of Everett. To the south they converge and come together in the city of Seattle. The distance between the termini of the old road was thirty-one and eight-tenths miles, over the new, twenty-eight miles.

Krakenberger, at the time he applied for the certificate of public convenience and necessity over the new road, was not, and had not, at any time previously, been engaged in the business of transporting passengers and express by motor vehicle.

The Pacific Northwest Traction Company and its predecessors in interest have, for several years, furnished motor vehicle passenger and express service over the old highway under a certificate of public convenience and necessity. It also had a certificate and operated the same service from Seattle to the north, over the pavement put in by King county to the Snohomish county line, and from thence north three or four miles over a gravel road paralleling the new pavement. Shortly after the opening of the new pavement, there were four or five applications for certificates of convenience and necessity. The department issued the certificate to Krakenberger. The Pacific Northwest Traction Company caused the order to be reviewed by the superior court of Thurston county, where, as above stated, it was affirmed, and the appeal is from that judgment. The other applicants are not before us, and no mention need be made of them.

The controlling question is whether the Pacific Northwest Traction Company was, as a matter of law, entitled to have issued to it a certificate of public convenience and necessity to give motor vehicle passenger and express service between the two cities mentioned over the new highway.

Section 4 of ch. 111 of the Laws of 1921, p. 341 [Rem. Comp. Stat., § 6390], in part, provides that:

"The commission shall have power, after hearing, when the applicant requests a certificate to operate in a territory already served by a certificate holder under this act, only when the existing auto transportation company or companies serving such territory will not provide the same to the satisfaction of the commission, . . . to issue said certificate as prayed for; . . ."

Under this statute, a certificate holder in territory already served is entitled to priority as to a certificate in that territory. *State ex rel. United Auto Transp. Co. v. Dept. of Public Works,* 119 Wash. 381, 206 Pac. 21; *Yelton & McLaughlin v. Dept. of Public Works,* 136 Wash. 445, 240 Pac. 679.

Inquiry must then be directed to whether the Pacific Northwest Traction Company was, when it made its application for a certificate over the new highway, serving the territory which would be served under the new certificate. This requires a statement of the situation.

The traction company owns terminals in the cities of Seattle and Everett which are, exclusive of the land upon which they stand, of the value of approximately $652,000. These terminals are used by a large portion of the stage lines operating in western Washington. The various stage lines using the terminal in Seattle operate two hundred and seventy-four daily trips into and out of that terminal, and in Everett the number of arrivals and departures daily is one hundred and seventy-two. The traction company operates motor stages through Everett and into the territory to the north. It also operates stages to the territory south of the city of Seattle. The great bulk of the transportation between Everett and Seattle is through transportation, terminal to terminal, from one city to the other, or to points beyond. Of the total transportation between the two cities, approximately sixty per cent originates at or is destined to points north of the city of Everett.

The amount of the local traffic picked up between the two cities is very small. Almost all of the forty per cent which does not originate at or is destined to points north of Everett, originates in one city or the other and is destined to the other city. The country through which the new highway passes is thinly settled, and the amount of traffic to be derived from that territory cannot be said to be more than nominal. From these facts, which are not in dispute, it must be concluded that the traction company, under its present certificate, serves, not only the territory between the two cities, but the inhabitants of those cities as well, and the territory to the north of Everett and to the south of Seattle. In addition to this, it serves the territory from the Snohomish county line to the city of Seattle, under a certificate which had been issued to it, which, as stated, is a part of the new highway. The only portion that it does not serve is the local traffic along the twelve or fifteen miles of new pavement opened in 1927.

The facts stated bring the Pacific Northwest Traction Company within the meaning of the statute which provides that a certificate holder in territory already served by it, has a prior right to another certificate which is to be issued to serve that territory. The traction company has operated for approximately twenty years an interurban electrical railway between the two cities which closely parallels the new highway, but, in reaching the conclusion that that company is entitled to the certificate over the new highway, we have given no consideration to that fact.

It is unnecessary here to discuss or determine the question whether the department acted arbitrarily or capriciously in issuing the certificate to Krakenberger.

The case of *Northern Pacific R. Co. v. Yakima Northern Stages,* 135 Wash. 595, 238 Pac. 905, is not

in point. In that case, the Yakima Northern Stages, since the year 1922, had been operating under a certificate of public convenience and necessity authorizing it to furnish passenger and express service by motor-propelled vehicles between the cities of Yakima and Ellensburg. The road over which it operated after leaving Yakima passed through the Wenas valley, and was known as the Wenas valley road. In 1924 the state opened, for public travel, a new highway, between the cities of Yakima and Ellensburg, known as the Canyon road. This road, at the most distant point, was twelve miles from the Wenas valley road. The Yakima Northern stages began operating over the new road without a certificate and without permission of the department of public works. The Northern Pacific Railway Company brought an action against it and a temporary injunction was issued. Later the stage company petitioned the department of public works to amend its certificate so that it could operate over the new road. Upon this application, a hearing was held, and it was authorized to so operate. There was, however, not made by the department a specific finding to the effect that public convenience and necessity required the operation of stages over the new road. It was there held that the temporary injunction was properly issued because a certificate of public convenience and necessity authorizing operation over the Wenas valley road did not authorize operation over the new or Canyon road. It was also held that, in the absence of a finding that public convenience and necessity required the operation of stages over the new road, the certificate could not be sustained. The question of whether the stage company was serving the territory, under its first certificate, which it would serve if it were given a certificate to

operate over the new road, was not involved in that case, and was not discussed or decided.

The judgment appealed from will be reversed, and the cause remanded with direction to the superior court to enter a judgment setting aside the order of the department and directing that a certificate of public convenience and necessity to give motor vehicle passenger and express service between Seattle and Everett over the new Pacific Highway be issued to the appellant, the Pacific Northwest Traction Company.

TOLMAN, PARKER, MILLARD, and FRENCH, JJ., concur.