[No. 21465. Department Two. August 20, 1929.]

AUTO INTERURBAN COMPANY, *Respondent*, v. DEPARTMENT OF PUBLIC WORKS *et al.*, *Appellants*, L. P. VOWELS *et al.*, *Respondents*.

GREAT NORTHERN RAILWAY COMPANY, *Respondent*, v. DEPARTMENT OF PUBLIC WORKS *et al.*, *Appellants*, L. P. VOWELS *et al.*, *Respondents*.[1]

*The Attorney General* and *H. C. Brodie, Assistant*, for appellant Department of Public Works.

*Cleland & Clifford*, for appellant Washington Motor Coach Co.

*McCarthy, Edge & Lantz*, for respondent Auto Interurban Co.

*Ernest E. Sargeant* and *T. T. Grant*, for respondent Great Northern Railway Co.

[1]Reported in 279 Pac. 738.

MILLARD, J.—After a hearing, and over the protests of the Great Northern Railway Company, the American Railway Express Company, and the Chicago, Milwaukee and St. Paul Railway Company, the department of public works granted the application of the Washington Motor Coach Company for amendment of its certificate of public convenience and necessity to authorize, in addition to the service authorized, passenger and express service between Quincy, Davenport and Spokane, Washington, via Ephrata, Wilson Creek and Harrington, Hartline and Wilson Creek, with the limitation that no local service be furnished between Davenport and Spokane and intermediate points. The application of the Auto Interurban Company for extension of its certificate rights was denied. The review by the superior court resulted in judgment setting aside the order of the department of public works on the ground that the order as effectually destroyed the property of the Auto Interurban Company as would a certificate to operate in the same territory. The appeal is prosecuted from that judgment.

The application of L. P. Vowels for a certificate authorizing passenger and express service between Coulee City and Spokane was withdrawn at the hearing before the department of public works. The Auto Interurban Company has withdrawn its appearance in this court, and has consented to the affirmance of the order of the department of public works. The only resistance now made to the appeal in this court is by the respondent Great Northern Railway Company, protestant before the department of public works. The sole question before us for determination is whether the findings of the department are sustained by the evidence.

From a careful consideration of the whole rec-

ord, we are convinced that the evidence amply sustains the findings of the department of public works, which are, in substance, as follows:

The appellant Washington Motor Coach Company owns certificate of public convenience and necessity authorizing motor vehicle passenger and express service between Yakima, Ellensburg and Wenatchee via both Blewett Pass and Vantage Bridge; between Ellensburg, Cle Elum and Easton; between Wenatchee and Leavenworth; between Wenatchee and Chelan, and between Wenatchee, Waterville and Almira. On the route between Yakima and Wenatchee via Vantage Bridge, the stages of the appellant operate through Quincy on the North Central Highway. The appellant applied for an extension of such service from Quincy eastward over the North Central Highway through Ephrata, Adrian, Stratford, Wilson Creek, Marlin, Odessa, Mohler, Harrington and Davenport to Spokane, with the limitation that no local service be furnished between Davenport and Spokane and intermediate points. It also applied for authority to extend its service from Hartline on the Sunset Highway to Wilson Creek on the North Central Highway to provide for through service between Hartline, Coulee City, Spencer, Farmer, Waterville and Spokane.

Respondent Auto Interurban Motor Company owns certificate of public convenience and necessity under which it operates over a number of routes radiating from Spokane, Washington; that pertinent to the case at bar is the operation of the respondent westward from Spokane through Davenport and over the Sunset Highway to Almira. At Almira, a connection is made with the lines of the appellant Washington Motor Coach Company. The respondent applied for authority to extend its service from Davenport west-

ward over the North Central Highway to Wenatchee.

The towns of Quincy, Ephrata, Adrian, Stratford, Wilson Creek, Marlin, Odessa, Mohler and Harrington are on the main line of the Great Northern Railway between Wenatchee and Spokane. Daily passenger and express service is furnished by the following trains: one westbound and one eastbound stop at all stations; one westbound and one eastbound make eight stops between Wenatchee and Spokane; one eastbound and one westbound stop regularly at Harrington only. Passenger and express service between Coulee City, Hartline and Spokane is furnished by the Northern Pacific Railway Company, leaving Spokane in the morning and returning in the evening. Coulee City and Hartline are on the route of the Washington Motor Coach Company between Almira and Wenatchee over the Sunset Highway. At Almira, connection is made with the stages of the Auto Interurban Company operating between Almira and Spokane.

The district along the North Central Highway is one of the fine wheat districts of the state. There is a constant movement of labor between the wheat districts and the fruit-growing districts of Wenatchee and Yakima. At present, if one desired to go to Yakima from one of the points on the North Central Highway, he must take the Great Northern train to Spokane and then the Northern Pacific or the Chicago, Milwaukee and St. Paul to points in the Yakima valley. The Federal government is at present engaged in the construction of an irrigation project near Easton, where many laborers are employed. Easton is on the Northern Pacific Railroad and cannot be reached from points on the North Central Highway, except by going first to Spokane. Some of the students at Ellensburg Normal School live in towns along the North Central Highway, and they likewise are without adequate

transportation. A stage service along the North Central Highway would be of great convenience to traveling men. If they use the railroad, they must pay drayage to have their sample trunks transported from the station to their hotel. A stage would deliver the trunks directly to the hotel. In some of the towns, the railway station is distant from the center of the town, necessitating the payment of a bus or taxi fare between the station and the town. Stage service along the North Central Highway would be convenient to farmers living adjacent to the road. They could avail themselves of the passenger or express service without being forced to walk or drive to the railway station.

Either of the applicants is capable of furnishing adequate service over the North Central Highway. However, there is not sufficient business for two operations. The applications are essentially the same. The operations proposed by the Washington Motor Coach Company would be more advantageous than that proposed by the Auto Interurban Company. At Quincy, connections could be made for stages reaching Wenatchee, Chelan, Yakima, Ellensburg, Cle Elum and Easton, all on the line of the Washington Motor Coach Company. The connections should be made as close as possible. An operation of the Auto Interurban Company into Wenatchee would connect with no other line. The Washington Motor Coach Company would have no incentive for making a close connection. It would be equally profitable to the Washington Motor Coach Company if the passengers arrived in Wenatchee by the Great Northern Railroad Company.

The department was of the opinion that it should grant to the Washington Motor Coach Company the permission to operate between Davenport and Spo-

kane, with a limitation prohibiting the furnishing of any local service. Such limited operation would not take from the Auto Interurban Company any business that it is now receiving. Connected service by two independent operators is always unsatisfactory to the public. The operators usually have divergent interests. The inconvenience of transferring one's self and one's baggage from one car to another is often sufficient to divert patronage to some other transportation system. Public convenience and necessity require the furnishing of passenger and express service between Hartline and Wilson Creek. Under the proposed operation, a car will leave Coulee City at seven-thirty o'clock in the morning and proceed to Hartline, Wilson Creek and thence to Spokane. Coulee City and Hartline are on what was once the Washington Central Railway, now owned by the Northern Pacific Railroad Company. The evidence shows that farmers living in this district ship considerable cream and veal to Seattle. At present, they must transport the veal or cream to Wilson Creek in their own cars for delivery to the Great Northern Railway Company. Passenger travel between Coulee City, Hartline and Seattle is subject to the same inconvenience.

"The findings and conclusions of the commission as to the facts are invested with the presumption of verity and no court would undertake to disturb them in this case. Respect is accorded to the judgment of those in whom the people by their own plan have placed it." *Pacific Coast Elevator Co. v. Dept. of Public Works,* 130 Wash. 620, 228 Pac. 1022.

We have uniformly held that:

"This court will not substitute its judgment for the judgment of the commission. That every presumption will be given to the correctness of the findings of fact made by the commission, and, if there is substantial evidence on which the findings of the commission may

be based, that those findings will not be disturbed." *State ex rel. Byram v. Dept. of Public Works,* 144 Wash. 219, 257 Pac. 634.

Therefore the judgment of the trial court should be reversed, and the order of the department of public works should be affirmed. It is so ordered.

MAIN, PARKER, BEALS, and FRENCH, JJ., concur.