[No. 22289. Department Two. May 26, 1930.]

NORTH COAST TRANSPORTATION COMPANY, *Respondent,*
v. THE DEPARTMENT OF PUBLIC WORKS *et al.,*
*Appellants.*[1]

*The Attorney General* and *John C. Hurspool, Assistant,* for appellants.

*Cleland & Clifford,* for respondent.

FULLERTON, J.—On July 14, 1927, the department of public works of the state of Washington issued to the respondent North Coast Transportation Company, a certificate of public convenience and necessity au-

[1]Reported in 288 Pac. 245.

thorizing it to conduct a passenger and express service, in motor propelled vehicles, between the city of Seattle and the city of Tacoma over a designated public highway of the state, commonly known as the "high line route," a road passing over uplands lying between the cities. The respondent was operating motor propelled vehicles for the purposes mentioned in the certificate at the time the certificate was granted, and since that time has continued the operations on regular schedules approved by the department.

At the time the certificate mentioned was granted to the respondent, the high line route was paved for only a part of its distance. For the greater part of the way, it had a graveled surface. It was, moreover, tortuous and winding, with heavy grades, and not suitable or safe for the constantly increasing traffic that passed over it. When the state desired to make a permanent way over the highlands, it selected a practically new route between the city of Tacoma and a point on the paved highway some nine miles southerly from the respondent's terminal stations in the city of Seattle. This route, however, closely paralleled the existing route. At no place is it more than two and one-half miles distant therefrom, and for a distance of one and one-half miles it is laid upon the existing highway. The new way is comparatively straight. The excessive grades of the old way are eliminated. The way is designed for a double pavement, each twenty feet in width. Since it has been opened to traffic, all of the through traffic by privately owned motor vehicles passes over it, to the exclusion of the older way.

Prior to the completion of the paving on the new highway, the respondent applied to the department of public works for an amendment of its certificate of convenience and necessity in such manner as to authorize it to operate its motor propelled vehicles used

in furnishing passenger and express service over the new highway. Applications for certificates to conduct a similar service between the cities named were made by a number of others, among whom was the appellant Krakenberger. Public hearings were held by the department on the respective applications, which resulted in a denial of the application of the respondent to modify its existing certificate, a denial of the application of the other applicants mentioned, and the granting of a certificate to Krakenberger.

An appeal was taken from the order of the department to the superior court of Thurston county. That court set aside the order, and directed that the application of the respondent be granted. The appeal before us is from the judgment of the superior court.

The department of public works is not given unlimited power to grant certificates of convenience and necessity authorizing the furnishing of passenger and express service over a given route to whomsoever it will, regardless of existing conditions. On the contrary, its powers in this respect are governed by statute, and the statute (Laws of 1921, p. 341, chap. 111, § 4) [Rem. Comp. Stat., § 6390] expressly provides that it shall have power to grant a certificate in a territory already served by a certificate holder only when the existing certificate holder will not perform the service to the satisfaction of the department.

There is here no question as to the service rendered by the existing certificate holder. It was shown that it had provided terminal facilities in each of the cities of Tacoma and Seattle; that these facilities were ample and convenient for the service; that they were used by many other certificate holders who operate independent lines, and that these furnish a ready means by which passengers on one line, and desiring so to do, can readily transfer from the one to the other. It was

further shown that between 93 and 94 per cent of the passengers carried by the respondent were through passengers, that is, passengers who rode from terminal to terminal, and that its motor coaches used for the transportation of passengers at the time of the hearing were making an average of sixty trips per day between the terminals. Nor was any formal complaint ever made to the department of the inadequacy of the service. But had there been, it would not alone have been a sufficient reason for granting a certificate to another. As we said in *State ex rel. United Auto Transp. Co. v. Department of Public Works,* 119 Wash. 381, 206 Pac. 21:

"The questions of whether the service is adequate, or whether the rates charged by relator are proper, are questions which, under the law, the relator is entitled to a hearing upon, and it is only after a hearing and an order entered directing the relator to change its schedule or rates, and a refusal by the relator to obey that order, that respondents have power to issue a certificate to some other person to then inaugurate a new service."

The appellant Krakenberger has no certificate of convenience and necessity authorizing him to furnish passenger and express service between the cities of Tacoma and Seattle over any route. In fact, he is not engaged in the business of carrying passengers and express matter for hire in motor propelled vehicles in any place or over any route in the state, and the record shows that he never has been so engaged. To him the certificate means the inauguration of an entirely new service.

If, therefore, there is justification for the order of the department of public works, it must be found in the fact that it authorizes a service in territory not already served by a certificate holder. But the record lends no support to this conclusion. Not only is the

territory over the entire route served by the respond-
ent certificate holder, but it is served for a part of its
distance by a number of other certificate holders who
have authority to operate from the terminals to inter-
mediate points.

New construction does not necessarily mean the
opening of new territory. It may mean, and in this
instance it does mean, nothing more than a realign-
ment of the old construction. While the new route may
be more convenient to some of the local inhabitants and
less convenient to others than the old route, both routes
serve the same territory. Looking at the application of
the appellant in the light of the facts shown, it is at
once apparent that the desire for the certificate is not
to serve the traffic arising from the local territory.
This traffic, as we have shown, is but little more than
nominal. Its actual purpose is to serve the traffic
arising at the terminals of the route, and this is ter-
ritory already served. *Yelton & McLaughlin v. De-
partment of Public Works,* 136 Wash. 445, 240 Pac.
679; *State ex rel. Krakenberger v. Department of
Public Works,* 141 Wash. 168, 250 Pac. 1088; *Pacific
Northwest Traction Co. v. Department of Public
Works,* 151 Wash. 659, 276 Pac. 566. And see *Puget
Sound Navigation Co. v. Department of Public Works,*
152 Wash. 417, 278 Pac. 189; *Puget Sound Navigation
Co. v. Department of Public Works,* 156 Wash. 377,
287 Pac. 52.

In our opinion, the trial court did not err in its con-
clusions, and its judgment will stand affirmed.

MITCHELL, C. J., FRENCH, HOLCOMB, and MAIN, JJ.,
concur.