[No. 22371. Department One. June 17, 1930.]

GROVE B. DENMAN, *Appellant,* v. THE DEPARTMENT OF PUBLIC WORKS *et al., Respondents.*[1]

*A. W. Dolphin,* for appellant.

*The Attorney General* and *John C. Hurspool, Assistant,* for respondent Department of Public Works.

*James A. Brown,* for respondent Inland Auto Freight Co.

TOLMAN, J.—This case involves the right to a certificate of public convenience and necessity for the transportation of freight by auto truck between Spokane, Washington, and Metaline Falls, Washington, via Newport. The service involved is a new one, no certificate therefor having been heretofore granted and no regular authorized service having heretofore been given by anyone.

Three applicants were before the department: Respondent Inland Auto Freight Company, an experi-

[1]Reported in 289 Pac. 34; 291 Pac. 1115.

enced and well equipped concern which had for a number of years, under certificate from the department, rendered satisfactory service over another route of about the same length and importance, but entirely removed from and independent of the proposed new service; appellant, whose predecessor in interest had been a good faith operator of a local service from Spokane to Milan, a distance of some twenty to twenty-five miles, on January 15, 1921, and who continued under certificate from the department until he transferred his rights to the appellant. The appellant had operated the Spokane-Milan service about a year, and had also operated between Spokane and Newport, Idaho, under an interstate certificate.

There was also another applicant and a number of objectors, but, as none of these are appearing here, we omit particulars.

The department, after a full hearing, made findings from which we quote:

"Inland Auto Freight, Inc., is the holder of certificate No. 97 which authorizes freight service between Spokane and Kettle Falls, Washington, via Colville and interstate freight service only between Spokane, Washington and Priest River, Idaho.

"Inland Auto Freight, Inc., seeks permission to furnish intrastate freight service between Spokane, Washington and Metaline Falls, Washington and intermediate points via Newport.

"Grove B. Denman is the holder of certificate No. 524 which authorizes freight service between Spokane and Milan, Washington, and interstate freight service only between Spokane, Washington and Newport, Idaho.

"Mr. Denman makes application for permission to furnish freight service between Spokane and Metaline Falls, Washington. . . .

"The department finds that public convenience and necessity require the furnishing of motor freight service between Spokane and Metaline Falls and inter-

mediate points. Perhaps the most cogent evidence of this fact is exhibit I which shows that, during December, 1928 and the first five months of 1929, there was almost daily a movement of freight by truck between Spokane and points in the Pend Oreille valley. Bearing in mind that the operators of this service were not anxious to reveal its magnitude to investigators and that many loads probably escaped notice, it becomes evident that the community has for some months found this illegal service very convenient, and has extended it a very liberal patronage. It seems to us conclusive proof of the convenience and necessity of motor vehicle freight service between the points named.

"The department further finds that the application of Inland Auto Freight, Inc., herein should be granted, and the applications of Grove B. Denman and W. W. Saults should be denied. The Inland Auto Freight, Inc., is an established carrier with adequate resources and a record which shows careful observance of the provisions of the law and the rules and regulations of the department.

"The present record clearly indicates that Grove B. Denman has heretofore solicited and transported freight to points in the Pend Oreille valley beyond the terminus of his present certificate. The same fact appeared at the hearing of a former application of Mr. Denman to furnish the same service, which was held in Newport on December 14, 1927. The department does not believe willful disregard of the law should be rewarded, and if all other things were equal, would deny the application of Mr. Denman for that reason alone. . . .

"At the hearing, it was suggested on behalf of Mr. Denman that his present operation between Spokane and Milan gave him a prior right to furnish service between Spokane and Metaline Falls. According to the time schedule filed with Mr. Denman's application, the distance between Spokane and Milan is 25 miles, and the distance between Spokane and Metaline Falls is 113 miles. Milan is not located on the direct route between Spokane and Metaline Falls."

An order was entered granting a certificate to respondent Inland Auto Freight Company, with the limitation:

"No local service shall be furnished under this certificate between Spokane and Milan and intermediate points."

Appellant sought a review by the superior court for Thurston county, and that court, failing to find arbitrary or capricious action on the part of the department, affirmed the departmental order. This appeal followed.

No one seems to contend that the interstate rights of either party have any effect upon the situation, and since those rights, if of any moment, offset and cancel each other, we pay no further attention to them.

■■ Appellant seems to contend that he was entitled to recognition because of those provisions of the act relating to territory already served, and that the action of the department in denying his application was arbitrary and capricious, but, because his present service takes him over the same highway for a distance of twenty miles, does not make the Pend Oreille valley a natural part of his present territory. To one familiar with the country, there is no connection between the two. The Pend Oreille valley, beginning at Newport and extending northerly to Metaline Falls, was first served by steamboats on the Pend Oreille river, and later by the railroads. There has been access to it at all times by wagon and truck over roads; though perhaps only in recent years have those roads been so improved as to make a regular or all-year service possible. We see no similarity of conditions to those shown in *Yelton & McLaughlin v. Department of Public Works,* 136 Wash. 445, 240 Pac. 679, *Pacific Northwest Traction Co. v. Department of Public Works,* 151 Wash. 659, 276 Pac. 566, or *State ex rel.*

*United Auto Transportation Co. v. Department of Public Works,* 119 Wash. 381, 206 Pac. 21, and therefore those cases do not apply.

To all intents and purposes this was a new territory and a new service, and the department might properly exercise its discretion in selecting the applicant it considered best fitted to render the service.

The only thing in the record which smacks of arbitrary and capricious action is that part of the finding quoted to the effect that appellant had rendered unauthorized service in the territory, and, other things being equal, that would bar him. Assuming, as the department and the trial court both found, that a large part of appellant's service in the new territory had not been under special contracts, still there was no authorized service whatever. The needs of the territory were evident, as the findings of the department somewhat eloquently show. Appellant had theretofore sought and been refused a certificate, and if he attempted to meet the real needs of those who were entitled to be served, although without a certificate, that should not be held to be contumacious conduct. Perhaps the department was itself somewhat slow in recognizing the need for the service. Its findings would so indicate. In such an event, must industry stand still and development cease? The better rule, and the only one we are disposed to recognize, is that operations in a new territory in advance of the granting of any certificate should neither entitle the operator to a certificate nor bar him therefrom. In other words, industry must be served, and if it be served without the violation of the rights of others, the department should neither reward nor punish the one who so serves it.

If it appeared that the order of the department rested upon the consideration which we have just dis-

cussed, we should be inclined to hold that its action was arbitrary and capricious, but the contrary appears from the record. There is a well sustained finding to the effect that the successful applicant is "an established carrier with adequate resources and a record which shows careful observance of the provisions of the law and the rules and regulations of the department." No such finding was made on behalf of the appellant. But if we should hold that his record, as shown by the evidence introduced, was equally good, still the department, guided by its personal experience in dealing with both, would be entitled to exercise its discretion in choosing between them. Unless, therefore, the record in this case clearly and unequivocally establishes the fact that appellant is better fitted than is his successful rival to provide the contemplated service (which, after a reading of the evidence, we cannot find to be the fact), we must perforce hold that the record fails to establish arbitrary and capricious action.

The respondent Inland Auto Freight Company has interposed a motion to dismiss the appeal which we think not well taken, but, in the light of our conclusions upon the merits, we consider it unnecessary to enter into a discussion of that matter.

The judgment is affirmed.

MITCHELL, C. J., MAIN, BEALS, and MILLARD, JJ., concur.

ON REHEARING.

[*En Banc.* October 6, 1930.]

PER CURIAM.—Upon a rehearing *En Banc*, a majority of the court adheres to the opinion heretofore filed herein.

Judgment affirmed.