[No. 22983. Department One. April 9, 1931.]

NORTH BEND STAGE LINE, INCORPORATED, *Appellant,* v.
DEPARTMENT OF PUBLIC WORKS *et al.,*
*Respondents.*[1]

[1]Reported in 297 Pac. 780.

*Poe, Falknor, Falknor & Emory,* for appellant.

*The Attorney General* and *John C. Hurspool, Assistant,* for respondent Department of Public Works.

*F. M. Dudley, I. S. Crawford,* and *A. J. Laughon,* for respondent Chicago, Milwaukee, St. Paul & Pac. R. Co.

PARKER, J.—This is an appeal by the North Bend Stage Line, Inc., from a judgment of the superior court for Thurston county, affirming a decision and order of the state department of public works granting to the Chicago, Milwaukee, St. Paul & Pacific Railroad Company a certificate of public convenience and necessity authorizing it to furnish passenger and express service, by motor vehicles, between Everett and Cedar Falls, along connecting public highways closely paralleling its branch line of railroad between those places. The stage line is a public carrier of passengers and express, by motor vehicles, under a certificate of public convenience and necessity, between Seattle and Easton along the Sunset Highway, a short portion of which is the same as a short portion of the route covered by the certificate here in question granted by the department to the railroad company. The stage line route is approximately an east and west service, while the proposed railroad route service is approximately a north and south service, though their routes are the same over a short distance of each.

The railroad company's main line between Seattle and the east passes through Cedar Falls. The railroad company's branch line in question runs from Cedar Falls northerly to Everett, a distance of some sixty miles. All along this branch line, somewhat closely paralleling it, run improved connecting public highways. The railroad company applied to the department for a certificate of public convenience and necessity authorizing it to furnish passenger and ex-

press service by motor vehicles between Everett and Cedar Falls along the highways paralleling the railroad company's branch line; that is, naming the intermediate places in order, here to be noticed, from north to south, by way of Duvall, Stillwater, Pleasant Hill, Fall City, and North Bend.

The stage line has been, since sometime prior to the making of that application by the railroad company, furnishing passenger and express service under a duly granted certificate of public convenience and necessity between Seattle and Easton along the Sunset Highway; that is, by way of Fall City and North Bend, the distance between those places being approximately eight miles. This is the only portion of the certificate routes of the railroad company and the stage line in conflict, and the territory adjacent thereto is the only territory where there will occur any substantial amount of competition for local traffic between them.

The territory along the highway between Everett and Duvall is already served by the Index Stages, Inc. The territory along the highway between Stillwater and Pleasant Hill is already served by the Washington Motor Coach Company. The territory between Fall City and North Bend is already served by the stage line. There is no other public motor service along the direct connecting highways between Everett and Cedar Falls. The service of the stage line, the Index Stages, Inc., and the Washington Motor Coach Company, is largely what may well be termed a suburban service of the cities of Seattle and Everett. Along approximately one-fourth of the direct connecting highways between Everett and Cedar Falls there is no motor passenger and express service; that is, there is no such service between Duvall and Stillwater, between Pleasant Hill and Fall City, or between North Bend and Cedar Falls.

The purpose of the railroad company is to furnish

what it asserts to be a more attractive and convenient passenger and express service between Everett and Cedar Falls than it can furnish, without substantial loss in cost of operation, by its present rail service between Everett and Cedar Falls. The railroad company has been furnishing a passenger train service leaving Cedar Falls at 8:40 a. m., arriving at Everett at 10:50 a. m., and leaving Everett at 5:00 p. m. and arriving at Cedar Falls at 7:10 p. m., these trains connecting with the railroad company's principal east and west trains over its main line at Cedar Falls.

The railroad company proposes to abandon this service, which it asserts and has shown to be maintained at a much greater cost than the revenues derived therefrom, and substitute therefor the motor service applied for by it, which it proposes to run on substantially the same schedule, and which it has shown will be not only more economical, but more attractive and convenient to the public than its present passenger and express rail service. The railroad company, however, does not propose to abandon its freight rail service, nor wholly its passenger and express rail service; it proposing to run one slower mixed train over its branch line each way daily between Everett and Cedar Falls.

The railroad company's application for a certificate of public convenience and necessity came regularly on for hearing before the department. The stage line, the Index Stages, and the Washington Motor Coach Company, appeared and protested against any certificate being awarded to the railroad company as asked for. Following a full hearing and consideration of voluminous evidence introduced, the department somewhat elaborately reviewed the controversy, finding facts in substance as we have already noticed, and further finding as follows:

"The Department finds that the proposed stage service is required by public convenience and necessity. . . . The Department believes that the proposed motor vehicle service will be superior to the existing train service and is for that reason required by public convenience and necessity. . . ."

Thereupon, the department entered its order granting to the railroad company a certificate of public convenience and necessity authorizing it to furnish passenger and express service by motor vehicles between Everett and Cedar Falls, by way of Duvall, Stillwater, Pleasant Hill, Fall City, and North Bend,

". . . subject to the following limitations: No local service shall be furnished under this certificate between Everett and Duvall and intermediate points, or between Stillwater and Pleasant Hill and intermediate points, or between Fall City and North Bend and intermediate points."

Thus it will be readily seen that the railroad company will not be permitted to furnish local service over any portion of the route used by either the stage line, Index Stages, or Washington Motor Coach Company.

The stage line, being dissatisfied with the decision and order of the department, caused the record to be removed to the superior court for Thurston county, seeking reversal of the decision and order of the department. The Index Stages and the Washington Motor Coach Company did not participate in this effort of the stage line to seek reversal of the decision and order of the department, evidently being satisfied therewith, inasmuch as their local traffic rights were protected by the decision and order of the department. The matter coming on for hearing in the superior court, it having become, as it is now, exclusively a controversy between the railroad company and the stage line, the decision and order of the department was by judgment of that court affirmed. It is from that judg-

ment that the stage line has appealed to this court seeking reversal thereof.

██ It is contended in behalf of the stage line that the evidence does not sustain the finding of the department that the motor service proposed by the railroad company is required by public convenience and necessity, in view of the present passenger and express rail service of the railroad company, and the service rendered by the three present operating motor service certificate holders. As to the present rail service, the proposed motor service will be largely a substitute therefor. In view of the present motor mindedness of the public with reference to short distance service, which, we think, is so well known as to be judicially noticed, it seems to us that it is highly probable that the proposed motor service by the railroad company will be regarded by the public as more attractive and more convenient than the present rail service.

There is, of course, some room for arguing, under the facts here appearing, that there is no pressing necessity for the proposed motor service in the strict sense of the word "necessity," but that is not the test in cases of this nature. In *North Bend Stage Line v. Denney,* 153 Wash. 439, 279 Pac. 752, we said:

"While the words 'convenience and necessity,' as used in connection with the word 'public' in the statutes of this state pertinent to public utilities, do not mean exactly the same thing, it is manifest that the word 'necessity' does not mean *necessary* in the ordinary sense of the word. The convenience of the public must not be circumscribed by according to the word 'necessity' its lexicographical meaning of 'an essential requisite.' The statute is to be so construed as to encourage, rather than retard, mechanical and other improvements in the appliances devoted to the public service, and in the use thereof in that service, to the end that both the quality and quantity of that which is offered to the public for its pleasure, con-

venience or necessities may be improved and increased.''

As to the motor service rendered by the stage line, the Index Stages, Inc., and the Washington Motor Coach Company, Inc., that is not a through service between Everett and Cedar Falls. That service is not even by connection a complete service between Everett and Cedar Falls. Through service is a favored service. *North Bend Stage Line v. Denney,* 153 Wash. 439, 279 Pac. 752; *Auto Interurban Co. v. Dept. of Public Works,* 153 Wash. 479, 279 Pac. 738.

Contention is made in behalf of the stage line that its rights under its certificate of public convenience and necessity will be violated by the granting of the certificate of public convenience and necessity to the railroad company, as asked for by it. We think the answer to this is the fact that the service between Fall City and North Bend furnished by the stage line is effectively protected by the restriction in the railroad company's certificate, against its furnishing service ''between Fall City and North Bend and intermediate points.'' The same may be said as to the motor service between Everett and Duvall, and between Stillwater and Pleasant Hill, similarly protected in favor of Index Stages and the Washington Motor Coach Company, as to which the stage line has no substantial interest, that service not being on any portion of its certificate route, or in territory served by it.

We have many times held, in substance, that the decision of the department as to the public convenience and necessity of a proposed public motor service, and as to territory already served, will not be disturbed by the courts unless there clearly appears to be arbitrary action therein on the part of the department. *Northern Pac. R. Co. v. Dept. of Public Works,* 144 Wash. 47, 256 Pac. 333; *State ex rel. Byram v.*

*Dept. of Public Works,* 144 Wash. 219, 257 Pac. 634; *North Bend Stage Line v. Denney,* 153 Wash. 439, 279 Pac. 752; *Auto Interurban Co. v. Dept. of Public Works,* 153 Wash. 479, 279 Pac. 738. We see no cause for interference by the courts with the decision and order of the department upon the ground of no public convenience and necessity, or upon the ground of there being territory already served by the present certificate holders.

 In connection with the protest of the stage line against the granting of a certificate to the railroad company, the stage line asked for a certificate authorizing it to furnish service between North Bend and Cedar Falls. There being at present no passenger or express service between those places other than the present railway service, and the stage line in no event having any preference right to furnish such service, it seems clear to us the matter of granting the right to furnish that motor service to one or the other became a matter of discretion with the department, as to which there is no cause for interference by the courts. *State ex rel. B. & M. Auto Freight v. Dept. of Public Works,* 124 Wash. 234, 214 Pac. 164; *State ex rel. United Auto Transportation Co. v. Dept. of Public Works,* 129 Wash. 5, 223 Pac. 1048; *Denman v. Dept. of Public Works,* 157 Wash. 447, 289 Pac. 34, 291 Pac. 1115.

We are clearly of the opinion that the judgment of the superior court affirming the decision and order of the department of public works must be affirmed. It is so ordered.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MAIN, JJ., concur.