[No. 23123. Department One. December 14, 1931.]

THE STATE OF WASHINGTON, *on the Relation of Mahoney Auto Freight et al., Appellant,* v. THE DEPARTMENT OF PUBLIC WORKS *et al., Respondents.*[1]

[1] Reported in 6 P. (2d) 64.

*Padden & Moriarty,* for appellant Mahoney Auto Freight.

*Cleland & Clifford,* for appellant Yakima-Seattle Auto Express.

*The Attorney General* and *John C. Hurspool, Assistant,* for respondent Department of Public Works.

*Lund & Dodds,* for respondent Cater Transfer & Storage Company.

*Gordon D. Eveland* and *McAulay & Freece,* for respondent Preston-Larsen Motor Freight Co.

MITCHELL, J.—M. E. Audette and John W. Ives made application to the department of public works for a certificate of public convenience and necessity to furnish freight service by motor vehicle between Yakima and Easton and intermediate points. Prior to hearing the application, Ives withdrew, assigning all his rights in and under the application to Audette. About the same time, the Preston-Larsen Motor Freight Company made application to the department for a certificate of public convenience and necessity to furnish freight service by motor vehicle between Seattle and Yakima and intermediate points.

The two matters were heard together by the department. A decision was made in favor of the applicant Audette, but decision was reserved on the application of the Preston-Larsen Motor Freight Company until a later date; the department, in its order No. 2389 granting the certificate to Audette, specifically retained jurisdiction to grant the application of Preston-Larson Motor Freight Company at a later date to the same extent as if the application had been granted by order No. 2389.

Thereafter, applications, as made or amended, on the part of others for certificates to furnish freight

service by motor vehicles were filed with the department as follows:

Lincoln Fast Freight, Inc., for a route between Seattle and Yakima; Old Oregon Trail Freighting Company, for a route between Seattle and Tacoma and Walla Walla; L. L. Buchanan, for a route between Seattle and Yakima; Mahoney Auto Freight, already holding a certificate for freight service between Seattle and North Bend and Denny Creek, applied for an extension of its route beyond Denny Creek to Yakima and Walla Walla; Yakima-Seattle Auto Express, having before the department an application to transfer to the applicant certificate No. 533, issued to Audette for the freight route between Yakima and Easton by order No. 2389, such application to transfer being signed also by Audette, and having before the department another application to transfer to the applicant certificate No. 450, issued to one Tingelstadt for freight service between Seattle and North Bend, such application to transfer being signed also by Tingelstadt, made application for extension of rights under the two certificates thus assigned to it so as to authorize freight service between Seattle and Tacoma and Yakima and intermediate points and on to Walla Walla; Washington Motor Coach Company, for a route between Seattle and Yakima and Walla Walla; Cater Transfer & Storage Company, for a route between Seattle and Tacoma and Spokane; S. H. Hamilton, as the Hamilton Auto Freight & Storage Company, for a route between Seattle and Tacoma and Wenatchee; H. S. France, as North Central Auto Freight, Inc., holder of a certificate to render freight service between Spokane and Wenatchee, applied for an extension to Seattle and Tacoma; R. H. Porter, holder of interstate certificate No. 480, applied for a route between Seattle and Spokane and intermediate points; and James Bow-

mer, as Walla Walla-Pasco Motor Freight Company, for an extension of his certificate from Walla Walla to Touchet on to Pasco.

The Preston-Larsen Motor Freight Company amended its application for a certificate so as to authorize the furnishing of freight service between Seattle and Tacoma and Yakima and Walla Walla.

All of these applications, together with a number of protests, were consolidated by the department of public works for hearing, upon which hearing the department made and filed appropriate findings of fact, including public convenience and necessity, upon which it entered its order No. 2701, as follows:

"WHEREFORE IT IS ORDERED that the application of James Bowmer (now Walla Walla-Pasco Motor Freight Company) be granted and certificate No. 373 be amended to authorize freight service between Pasco and Walla Walla.

"IT IS FURTHER ORDERED that the application of Preston-Larsen Motor Freight Company, as amended, be granted and a certificate be issued to that company authorizing the furnishing of motor freight service between Seattle and Tacoma on the one hand, and Yakima and Walla Walla and intermediate points on the other hand, with the following limitations:

"No local service shall be furnished between Seattle and Denny Creek and intermediate points, or between Easton and Yakima, and intermediate points, or between Yakima and Pasco and intermediate points, or between Pasco and Walla Walla and intermediate points.

"IT IS FURTHER ORDERED that the application of S. H. Hamilton herein be granted and a certificate be issued to him authorizing the furnishing of motor freight service between Seattle, Tacoma and Wenatchee via Blewett Pass (or Vantage when Blewett Pass is impassable) with the following limitations:

"No local service shall be furnished between Seattle and Lauderdale or between Wenatchee and Peshastin. When operations are conducted via Vantage no local

service shall be furnished between Seattle and Ellensburg and no service shall be rendered from, to or between points Ellensburg to Wenatchee.

"IT IS FURTHER ORDERED that S. H. Hamilton file joint through rates with H. S. France (now North Central Auto Freight, Inc.) so as to provide a through service between Spokane and Seattle and intermediate points via Wenatchee.

"IT IS FURTHER ORDERED that the application of Cater Transfer and Storage Company herein be granted and a certificate be issued to that company authorizing the furnishing of freight service between Seattle, Tacoma and Spokane via Vantage with the following limitations:

"No local service shall be furnished between Seattle, Tacoma and Ellensburg and intermediate points.

"IT IS FURTHER ORDERED that the other applications herein be, and the same are hereby denied."

Writs of review were separately sued out in the superior court for Thurston county by Mahoney Auto Freight, Yakima-Seattle Auto Express, H. S. France, as North Central Auto Freight, Inc., and L. L. Buchanan, from the department's order No. 2701. All four review proceedings were consolidated for hearing in the superior court, and each of the parties suing out a writ of review has separately appealed from the judgment of the superior court approving and affirming in all respects the findings of fact and order No. 2701 of the department.

The causes have been consolidated for hearing and determination in this court.

None of the parties question the correctness of the finding of public convenience and necessity for the service authorized by the order of the department.

As the causes are finally submitted in this court, no one questions any portion of the judgment of the superior court or of the department's order No. 2701

other than that portion authorizing and directing a certificate to Preston-Larsen Motor Freight Company.

The highway over which the controversy is waged is what is known as the Sunset highway. It runs from Seattle, through Falls City and North Bend, thence over the summit of the Cascade mountains by way of Snoqualmie Pass, thence through Easton, Cle Elum, Ellensburg, Yakima, etc. The highway has been in use a great many years, although heretofore no one has been authorized as the holder of a certificate of public convenience and necessity to render freight service by motor vehicle over that portion of the highway lying between North Bend or Denny Creek, on the west side of the summit, and Easton, on the east side—a distance of about thirty-five miles.

The Mahoney Auto Freight and the Yakima-Seattle Auto Express, the only appellants still insisting upon their appeals, each assign as error the order of the department and the judgment of the superior court in favor of the Preston-Larsen Motor Freight Company, claiming they are contrary to the statute with respect to territory already served by a certificate holder. The statute relied on is a part of § 4, chap. 111, Laws of 1921, p. 341, Rem. Comp. Stat., § 6390, as follows:

" . . . The commission shall have power, after hearing, when the applicant requests a certificate to operate in a territory already served by a certificate holder under this act, only when the existing auto transportation company or companies serving such territory will not provide the same to the satisfaction of the commission, and in all other cases with or without hearing, to issue said certificate as prayed for; or for good cause shown to refuse to issue same, or to issue it for the partial exercise only of said privilege sought, and may attach to the exercise of the rights granted by said certificate to such terms and condi-

tions as, in its judgment, the public convenience and necessity may require."

This contention on the part of the Mahoney Auto Freight rests upon its being the holder of a certificate authorizing certain auto freight service between Seattle and Denny Creek, on the west side of the pass; while the Yakima-Seattle Auto Express makes the same contention because it holds a certificate authorizing certain auto freight service between Seattle and North Bend, on the west side of the pass, and also because it is the holder of the Audette certificate for auto freight service between Easton and Yakima, on the east side of the pass.

It will be noticed that the order and judgment in favor of the Preston-Larsen Motor Freight Company authorizing the furnishing of motor freight service between Seattle and Tacoma and Yakima and Walla Walla protects the Mahoney Auto Freight and the Yakima-Seattle Auto Express with respect to the more limited service authorized in the certificates they respectively hold and rely on, by provision in the certificate to the Preston-Larsen Motor Freight Company that "no local service shall be furnished between Seattle and Denny Creek and intermediate points, or between Easton and Yakima and intermediate points"—limitations similar in principle to those adopted by the department of public works and affirmed in *North Bend Stage Line, Inc. v. Denney,* 153 Wash. 439, 279 Pac. 752; *Denman v. Department of Public Works,* 157 Wash. 447, 289 Pac. 34, 291 Pac. 1115; and *North Bend Stage Line, Inc., v. Department of Public Works,* 162 Wash. 46, 297 Pac. 780.

Nevertheless, these two appellants separately say that, no complaint having been made against it as to the service given under the certificates held by it, and being capable and able, and offering to render the en-

larged service, it is entitled to the certificate as an extension or enlargement of its certificates under the statute with reference to the territory already served.

We may notice certain of our cases relied on by appellants. In *State ex rel. United Auto Transportation Co. v. Department of Public Works,* 129 Wash. 5, 223 Pac. 1048, the appellant contended that its outstanding certificate allowing it to carry passengers from Tacoma to Camp Lewis entitled it, at least by preference, to carry all persons to and from any and all points within the reservation area. But the decision was that Camp Lewis, as a terminus of the route, is a definite location within a great reservation, and that appellant's rights under its outstanding certificate

" . . . were to use the Pacific highway to carry passengers to and from Tacoma and Camp Lewis and intermediate points, and did not authorize or pretend to authorize any other or further service."

*Yelton & McLaughlin v. Department of Public Works,* 136 Wash. 445, 240 Pac. 679, was a case in which a certificate holder was allowed to extend his route in one direction, as a highway in that direction was extended into territory hitherto unopened.

*State ex rel. Krakenberger v. Department of Public Works,* 141 Wash. 168, 250 Pac. 1088, in no way involved the question of new territory. In that case the applicant was denied a certificate to render through auto bus service between Seattle and Hoquiam and intermediate points, all of the highway between those points being already covered by connecting certificate holders against whose service no complaint had been made.

In *Pacific Northwest Traction Co. v. Department of Public Works,* 151 Wash. 659, 276 Pac. 566, the holder of an outstanding certificate for service between Seattle and Everett successfully objected to the is-

suance of a certificate to another person for a route between those cities over a highway, partly new and substantially paralleling the old roadway, upon the theory that the new roadway was through territory already served as contemplated by the statute.

To like effect, upon this question, is the case of *North Coast Transportation Co. v. Department of Public Works,* 157 Wash. 79, 288 Pac. 245, concerning the route between Seattle and Tacoma after a new highway between the two cities, largely paralleling the old one, had been completed.

Those cases, or anything in the discussions in them, do not reasonably justify the claim that the statute with reference to territory already served is applicable to the situation of the appellants in the present case. As already stated, the Sunset highway has been opened and in use a great many years, and that portion of it over the summit has never been employed heretofore for auto freight service by any certificate holder. The vast area on the west side of the mountains has never been connected with the vast area on the east side by any such service, and now that it is proposed to authorize a through service between Seattle and Tacoma, on the west side, and Yakima and Walla Walla, on the east side, thirty-five miles of the highway over the summit being wholly free from any authorized freight service, the subject must be considered, as it was by the department and the superior court, as not being covered by the statute concerning territory already served with relation to the certificates held by either of the appellants.

The second main contention on the part of each of these appellants is that, as against him, the selection by the department of the respondent Preston-Larsen Motor Freight was arbitrary and capricious,

necessarily requiring that the order in that respect be set aside. It has been seen that neither of the appellants as a certificate holder was entitled to preference under the law, with respect to territory served, in the choice of applicants for this new service. The department in one of its findings, which was approved by the trial court, speaking of the various applicants, said:

"All are engaged in the business of operating trucks for hire, either as transfer companies or as auto transportation companies. All have, or can obtain, adequate means to finance the proposed operations. No controlling reasons exist why one particular application should be selected and the others rejected."

The trial court was satisfied with that finding, and the record, upon our examination of it, fully sustains it. In this respect, it is worthy of remembrance that the Preston-Larsen Motor Freight Company made its application a year or more before either of these appellants, and had already made proof of public convenience and necessity, and shown itself entitled to a certificate, to the substantial satisfaction of the department; which circumstance, while not of controlling importance, may be well taken into consideration in deciding the issue. As said, with reference to choice of applicants, in *State ex rel. United Auto Transportation Co. v. Department of Public Works,* 129 Wash. 5, 223 Pac. 1048:

"The legislature has expressly authorized the department of public works to grant these certificates of necessity and to determine and find the facts in connection therewith."

In our opinion, it cannot be held that the department acted arbitrarily or capriciously in its selection in this case. Upon both subjects—territory served and choice

of applicants—we may apply the saying in *Denman v. Department of Public Works,* 157 Wash. 447, 289 Pac. 34, 291 Pac. 1115:

"To all intents and purposes this was a new territory and a new service, and the department might properly exercise its discretion in selecting the applicant it considered best fitted to render the service."

Appellant Yakima-Seattle Auto Express, by another assignment, invokes the protection of that portion of article I, section 10, of the Constitution of the United States, which provides: "No state shall . . . pass any . . . law impairing the obligation of contracts." In the light of our conclusions upon the other assignments of error, we are of the opinion that the appellant is not entitled to be heard with respect to this last assignment.

The judgment of the superior court is affirmed.

TOLMAN, C. J., PARKER, MAIN, and BEELER, JJ., concur.