[Civil No. 3985. Filed June 6, 1938.]

[79 Pac. (2d) 946.]

ARIZONA CORPORATION COMMISSION, WILSON T. WRIGHT, Chairman and Member of the Arizona Corporation Commission, W. M. COX and AMOS A. BETTS, Members of the Arizona Corporation Commission, Appellants, v. HALLIE B. HOPKINS, EARL C. HAM, FLOYD E. JONES, C. M. SIMMONS, A. W. SMITH, G. F. LONG, N. GENE SMITH, MONICO RICO, J. H. UNDERHILL, Doing Business as UNDERHILL TRANSFER, and THOMAS C. FAY, Doing Business as PEOPLES TRANSFER, Appellees.

Mr. Joe Conway, Attorney General, and Mr. W. E. Polley, Mr. J. M. Johnson and Mr. Albert M. Garcia, his Assistants, for Appellants.

Messrs. Strouss & Salmon, for Appellees.

ROSS, J.—This is an appeal by the Corporation Commission, hereinafter referred to as the commission, from a judgment of the superior court of Maricopa county vacating and setting aside a certificate of convenience and necessity issued by such commission on March 31, 1937, to P. J. Gragnon, Jr., as a common carrier by motor vehicle of farm products in the city of Yuma and vicinity with a radial area of twenty-five miles.

The appellees were at the time holders of certificates of convenience and necessity and operated as common carriers of farm products in the same territory. They appeared by an agent at the hearing of Gragnon's application for a certificate and protested against his being granted a certificate on the grounds that he had not shown "that the operators in that territory are not giving satisfactory service and . . . that his services are necessary." The commission ordered the issuance of a certificate of convenience and necessity to Gragnon at the hearing.

On April 17, 1937, the appellees filed with the commission a petition for a rehearing, as provided for in section 719, Revised Code of 1928, the grounds of such petition being that the territory Gragnon proposed to operate in was, at the time of his application and had been for a long time prior thereto, occupied and served by the appellees under certificates of convenience and necessity, with no complaint as to the service, and that they had not been requested or directed by the commission to extend or improve the service, and that by reason thereof the commission was without jurisdiction and authority to entertain Gragnon's application or to make the order issuing to him a certificate.

On April 19, 1937, the petition for rehearing was denied.

Thereafter, and within the time fixed by statute (sec. 720, Id.), the appellees commenced this action against the commission to vacate and set aside the commission's order or decision finding that the public convenience and necessity require the proposed service by Gragnon and setting forth in their complaint as grounds therefor the following reasons:

"That the Arizona Corporation Commission has no jurisdiction to issue a certificate of convenience and necessity in said territory for the reason that said territory is now, and was at the time of said application and hearing, served by common motor carriers and (1) no complaint has been made concerning the service rendered in said territory by existing common motor carriers, (2) the Arizona Corporation Commission has issued no order requiring existing common motor carriers to improve the service now rendered in said territory, and (3) the existing common motor carriers in said territory have not refused to provide service in said territory satisfactory to said Arizona Corporation Commission."

The defendants in their answer to the complaint admitted practically all its allegations except they "allege that existing common motor carriers in said territory have failed and refused to provide service in said territory satisfactory to said Arizona Corporation Commission." There is no evidence that the commission ever ordered appellees to improve their service or that there was ever any finding that the service was unsatisfactory.

The case was tried by the court without a jury and resulted in a judgment vacating and canceling the certificate of convenience and necessity issued to Gragnon, and from the court's judgment the commission has appealed.

No one can act as a common carrier of persons or property in Arizona without a certificate of convenience and necessity from the Corporation Commission. Section 6, chap. 100, Laws of 1933; *Corporation Com.* v. *People's Freight Line, Inc.,* 41 Ariz. 158, 16 Pac. (2d) 420. While the Constitution, article 15, confers rather complete power over public utilities, such as common carriers, on the commission, in section 6 of said article it empowers the legislature to "prescribe rules and regulations to govern proceedings instituted by and before it." The legislature has accordingly, in chapter 100, section 6, *supra,* provided the circumstances and conditions under which the commission may issue to applicants certificates of convenience and necessity and these rules and regulations are binding upon the commission. Section 6 of said chapter 100 provides that if an applicant in his application and proof shows "that the public convenience and necessity requires the proposed service," the commission may issue a certificate to him "provided, that when an applicant requests a certificate to operate over a route, or routes, or in a territory already served by a common motor carrier, the commission shall have power, after hearing, to issue such certificate only when the existing common motor carrier operating over such route, or routes, or serving such territory, will not provide such service as shall be deemed satisfactory by the commission." There is in said section no restriction upon the commission's power to issue a certificate, except convenience and necessity, when the territory is not already served by a licensed common carrier. If it is served by such a carrier but inadequately, the commission is authorized, as we read the above proviso, to order such carrier to provide satisfactory service, and if such order is complied with no certificate shall be issued to the applicant, but if not complied with by the licensed operators in

said territory then a certificate may be issued to the applicant. It is *"only when the existing common motor carrier . . . serving such territory, will not provide"* adequate and satisfactory service that the commission can issue a certificate to the applicant.

We think upon the hearing that if it appeared to the commission that the service appellees were rendering in the city of Yuma and vicinity was unsatisfactory to the commission, it should have designated wherein it was insufficient or inadequate and given the appellees an opportunity to provide satisfactory service, or an opportunity to refuse to do so, before it had power to issue a certificate to Gragnon.

In *Corporation Com.* v. *People's Freight Line, supra,* it appeared that the People's Freight Line had been given a certificate of convenience and necessity as a common carrier over the highways between Phoenix and Tucson and that the service rendered by it was satisfactory. We held that the commission, in issuing a certificate to a competing company over the same route, abused its power. In other words, that the policy of the law was not to encourage competition but rather to shut out competition which, in effect, usually cripples and hurts the efficiency of the service. The statute governing the commission in issuing certificates at that time (1932) was section 736, Revised Code of 1928. In March of the following year, the legislature passed chapter 100, *supra,* and in section 6 thereof amended section 736 by adding thereto the proviso that we have quoted depriving the commission of power to issue a certificate to an applicant to operate in a field already served by licensed carriers without giving such carriers an opportunity, when their service was unsatisfactory or inadequate, to make such service satisfactory and adequate.

The state of Washington has a statute somewhat similar to the proviso in our section 6, *supra.* In

*State ex rel. United Auto Transp. Co.* v. *Department of Public Works,* 119 Wash. 381, 206 Pac. 21, the right or power of the Department of Public Works to grant a certificate of convenience and necessity to operate an automobile transportation service in territory already served was involved. The court stated that it was the contention of the transportation company (the relator) that the Department of Public Works (respondent) could not grant a certificate to Miller, the applicant, to operate in the same field "in the absence of an order after a proper hearing before the department directing the relator to provide satisfactory service, and after a refusal of the relator to obey the order of the respondents to provide additional service, or to change the fares charged passengers. In this case the certificate was issued to Miller without according to the relator such a hearing, and without the making of any such order. So far as material, section 4 [chapter 111, Laws 1921] is as follows:

" 'The commission shall have power, after hearing, when the applicant requests a certificate to operate in a territory already served by a certificate holder under this act, only when existing auto transportation company or companies, serving such territory will not provide the same to the satisfaction of the commission.'

. . . . . . . . . . . . .

"The questions of whether the service is adequate, or whether the rates charged by relator are proper, are questions which, under the law, the relator is entitled to a hearing upon, and it is only after a hearing and an order entered directing the relator to change its schedule or rates, and a refusal by the relator to obey that order, that respondents have power to issue a certificate to some other person to then inaugurate a new service."

See, also, *State ex rel. Krakenberger* v. *Department of Public Works,* 141 Wash. 168, 250 Pac. 1088; *North Coast Transp. Co.* v. *Department of Public Works,* 157 Wash. 79, 288 Pac. 245.

The evident intention of the legislature, in amending section 736 by adding the proviso found in section 6 of chapter 100, *supra,* was to exclude from territory already occupied and served by holders of certificates other common carriers, unless those occupying the field should refuse or neglect after notice from the commission to improve the service to the satisfaction of the commission. The amendment is in line with the court's decision in the People's Freight Line case, *supra,* to the effect that the policy of the law is controlled and regulated monopoly rather than free competition. The statute as amended is so like the Washington statute that it was probably fashioned after that statute. Following the Washington court's construction of its statute, we hold that the commission was without authority to issue a certificate to Gragnon without first giving appellees an opportunity to improve their service, if found unsatisfactory, or to refuse to do so.

It is not necessary in this view of the case to consider other points raised.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.